THEOPHILUS ADAMS, et al., v. ZENO SECOR.

1. FRAUDULENT JUDGMENT—"*Misconduct of the prevailing party.*" Where a plaintiff, upon false and fraudulent testimony, procures a judgment to be rendered against a party not liable for the debt or claim sued upon, and such party has no knowledge of the pendency of the action against him until more than one year after the final judgment was rendered, such judgment may be set aside and annulled, or may be perpetually enjoined.

2. ——— Courts of equity will relieve against a judgment at law, obtained through fraud and imposition, whenever it appears that the injured party has not been guilty of negligence, and has no adequate remedy at law.

3. SALE UNDER FRAUDULENT JUDGMENT—*Title of purchaser.* Where a purchaser of lands sold at sheriff sale buys with the knowledge that the judgment upon which the execution was issued was procured through fraud and imposition, and without the fault or negligence of the defendant, the sheriff's deed will be annulled and cancelled, and the title evidenced thereby will be extinguished, in a proper action instituted for such purpose.

*Error from Leavenworth District Court.*

ACTION to vacate and set aside a judgment, and a sale and conveyance of lands. On the 3d day of March, 1864, the defendant in error, *Zeno Secor*, filed his petition, alleging that a certain judgment rendered by the Leavenworth District Court, on the 16th of February, 1860, in an action then pending in said court, brought by *Theophilus Adams and Asa Maddox*, as partners, against "Ewing Denman & Co.," "Taylor, Shelby & Co.," George N. Sanders, Charles A. Secor, and *Zeno Secor*, was fraudulent and void as to the said *Zeno Secor*. The petition sets forth in detail all the pleadings and proceedings in said action, from which it appears that *Adams & Co.* commenced their suit originally against all the defendants above named except the two *Secors;* that they claimed "that the defendants were indebted to them in the sum "of $1379.09 for lumber sold and delivered to the defen-"dants at their request, which said sum is due and pay-

" able;" that subsequently *Adams & Co.* amended their petition by joining " Charles N. Secor and *Zeno Secor* " as defendants, and attached lands belonging to *Zeno Secor* as a non-resident; that no service, other than by a " publication notice," was ever made on said *Zeno Secor;* that said cause was tried in February, 1860, and judgment rendered therein against all the defendants for said sum of $1,379.09, and interest thereon at four per cent. a month from January 15, 1858, amounting to $2,758.18; that said judgment was rendered upon the evidence of said *Theophilus Adams,* who " testified that he sold and delivered to *the* " *defendants* in that action, (of which the plaintiff, *Zeno* " *Secor,* was one,) the various articles of lumber in said " account mentioned, and that the said defendants in said " action promised to pay the plaintiffs therefor—which " testimony, and each and every part thereof, the said " *Theophilus Adams* then well knew to be utterly and " entirely false, so far as this plaintiff is concerned; that " said testimony of said *Adams* was the only evidence or " testimony produced or heard upon the trial of said " action;   *   *   *   that at the time said action was " instituted the plaintiff herein (*Zeno Secor*) was, and ever " since then has been, a non-resident of the Territory " and State of Kansas, and was then and ever since has " been outside the limits of the said State and Territory, " and during all that time remained and resided in the " city of New York, in the State of New York, and had " no means of knowing or learning of the pendency of " said action, and the proceedings herein set forth;   *   * " *   *   that the said judgment, so as aforesaid rendered, " was obtained and procured to be rendered by fraud, " deception and perjury on the part of the plaintiffs in " said action, Theophilus Adams and Asa Maddox; that

" this plaintiff, at the time said action was instituted,
" during the time the same was pending, and down to
" the time said judgment was rendered, never had any
" dealings with said Adams and Maddox, or either of
" them; that he did not enter into the said contract with
" the said Adams and Maddox, or either of them, on which
" said action was brought, or any other contract; nor did
" he ever, at any time, authorize any person to enter into
" any such contract on his behalf with said persons, or
" either of them; that he did not purchase, nor authorize
" any other person to purchase for him, of or from said
" Adams and Maddox, or either of them, the articles
" mentioned in the account for which said action was
" brought, or any portion of them; that he never himself,
" nor by or through any other person, at any time or
" place, promised the said Adams and Maddox, or either
" of them, to pay said claim, or any part thereof; that he
" did not, at the time aforesaid, know and does not now
" know, the said Adams and Maddox, or either of them;
" all of which matters and things were well known to the
" said Adams and Maddox. when they so instituted said
" action, took such proceedings, and so as aforesaid
" obtained said judgment."   The petition set forth all the
proceedings subsequent to the judgment; the issuing of
a writ of execution to sell the attached land of the plain-
tiff *Secor*, situate in the city of Leavenworth; the sale
thereof by the Sheriff of Leavenworth county to Daniel
T. Wright and Turner Maddox, and the execution of the
sheriff's deed; and it alleged " that the said Wright and
" Maddox, at the time they so purchased said lands as
" herein set forth, at said sheriff sale, had full knowledge
" of all the facts hereinbefore set forth, in regard to the
" obtainment of said judgment; that the said *Theophi-*

" *lus Adams*, acted as the agent of said Wright and Mad-
" dox in and about the purchase of said lands at said
" sheriff's sale, having been authorized by them to bid
" and purchase for them at said sale, the property herein-
" before described; and that said *Adams*, while acting as
" such agent in and about the premises, had full knowl-
" edge and actual notice of all the matters and things
" herein set forth in reference to the obtainment of said
" judgment, and the whole conduct of said parties plaintiff
" therein, and especially that, so far as this plaintiff and
" the said Charles A. Secor were concerned, the said
" judgment was obtained by false and fraudulent testi-
" mony, as herein set forth. And so the plaintiff alleges
" and charges, that said judgment was and is fraudulent,
" null and void; that the said sheriff sale to said Maddox
" and Wright, and the deed to them made and executed,
" as herein stated and set forth, were and are fraudulent,
" null and void;  *  *  *  that the account upon which
" said action was instituted, was and is dated the 9th of
" December, 1857, and was for the amount of $1,379.09;
" that interest was recovered on the said account at the
" rate of four per cent. per month from the 15th day of
" January, 1858, while there was no proof or pretense that
" any one of said defendants, except the defendant George
" N. Sanders, had ever agreed or contracted to pay interest
" at that rate, or at any rate;  *  *  *  that the said
" sale of plaintiff's lands to Wright and Maddox has
" never been confirmed nevertheless the said Wright
" and Maddox have caused the said sheriff's deed to be
" recorded in the office of the register of deeds of said
" county, and claim by virtue thereof to own the said
" described real estate; that thereby a cloud has been and
" is cast upon the title of said plaintiff to said premises,
35

" and he is thereby greatly injured, and hindered and " prevented from making any sale thereof, and from " enjoying or using the same or any part thereof in any " manner whatever. And the plaintiff alleges and shows, " that he did. not discover the said fraudulent transactions " until on or about the 1st day of June, 1863." *Theophilus Adams, Asa Maddox, Daniel T. Wright,* and *Turner Maddox* were made defendants, and the plaintiff demanded judgment, " that the said judgment may be declared to be fraudulent null and void and wholly set aside as to this plaintiff; that said sale and conveyance of said lands to said Daniel T. Wright and Turner Maddox be declared and adjudged to be null and void, and altogether held for naught; that said cloud may be removed from said plaintiff's title to said lands; that the said sheriff's deed may be adjudged to be delivered up to be cancelled; and that the plaintiff may have such other and further relief in the premises as may be in accordance with equity and good conscience."

The defendants appeared and demurred, assigning as grounds, that " several causes of action are improperly joined," and that " the petition does not state facts sufficient to constitute a cause of action." The court overruled the demurrer, and defendants excepted. They then answered over, and a trial was had on the merits. Judgment was given for the plaintiff *Zeno Secor,* in accordance with the prayer of his petition.

The defendants below complain of the " order" overruling their demurrer, and bring the case here for a review of said *order,* without appealing from the final *judgment.*

*W. G. Mathias and T. P. Fenlon,* for plaintiffs in error. (No brief on file.)

*W. P. Gambell*, for defendant in error, contended:

1. The decision of the court overruling the demurrer, is, in all cases substantially an order for judgment, whether leave is given to amend or to answer, as the case may be. It is true, that the order overruling the demurrer is appealable; but it must be appealed from as any other order. The appeal must be taken *while it remains an order;* for after judgment is entered, it becomes merged in the judgment; after that, the appeal must be from the judgment. *Ford v. Turner*, 5 Duer, 684; same case, 13 How. Pr., 193; *Ives v. Meller*, 19 Barb., 197; *Reynolds v. Freeman*, 4 Sand., 702; 8 How. Pr., 247, 275, 414.

2. It is claimed that the petition states two or more causes of action—an equitable action to annul the sheriff's deed and remove a cloud from Secor's title, and an action to perpetually enjoin the collection of the judgment as to Secor, or to vacate and set aside and annul the judgment, as having been obtained by fraud; and plaintiffs in error claim that these " actions are improperly joined." Whether there be one, two, or three causes of action, they all " arise out of the same transaction," (code of 1862, § 89,) and may be united in the same petition. If plaintiffs in error desired to have them " separately stated and numbered," their remedy was by *motion*, and not by *demurrer*.

3. If the judgment against Secor was fraudulently obtained, and the defendant purchasers had full knowledge of it, the judgment and all subsequent proceedings should have been set aside, and the parties perpetually enjoined from prosecuting, or setting up any claim or action under such judgment, sale, and deed.

The demurrer admits that the judgment was procured

through fraud, in the absence of Secor, and without his knowledge or consent, when the plaintiffs had no cause of action against him whatever. Such a judgment will not be allowed to stand, but will be relieved against in equity. *Mc Vicker v. Wolcott*, 4 Johns., 509; *Briggs v. Shaw*, 15 Vt., 78; *Barker v. Elkins*, 1 Johns. Ch., 465; *Norton v. Woods*, 22 Wend., 520; *Camman v. Trophagan*, Saxton, 28; *Fowler v. Lee*, 10 Gill. & J., 358.

4. But plaintiffs in error claim that the action is either to set aside the judgment and grant a new trial, " for misconduct of the prevailing party," and hence is barred, not being brought within "*one year*" after final judgment;" §§ 307, 311, code of 1862;* or, that it is an action to vacate the judgment " for fraud practiced by the successful party," and is barred in *two years* from the rendition of the judgment; §§ 546, 553, code of 1862.† The answer is, that the action is "*for relief on the ground of fraud;*" the fraud was not discovered by Secor until June, 1863; this action was commencid in March, 1864, and is not barred; § 22, code of 1862. ‡

—The case was heard and decided in this court at the January Term, 1867, the members of the court then being KINGMAN, C. J., and BAILEY and SAFFORD, Juctices. The court held that the district court did not err in overruling the demurrer to the petition. No written opinion was filed.

*By the Court:* The order overruling the demurrer, and the judgment of the district court, are affirmed.

---

* Civil code of 1868, § 306, *second* clause, and § 310.

† Civil code of 1868, § 568, *fourth* clause, and § 575.

‡ Civil code of 1868, § 18, *third* clause.