IRVINE *et al.*, *Appellants*, v. LEYH.

Division One, October 18, 1894.

1. **Fraud, Vacating Judgment for: EQUITY.** A court of equity will not vacate a jungment for fraud unless the fraud is extrinsic or collateral to the matter involved in the former trial.

2. **Attachment: PUBLICATION: NOTICE.** Publication of notice of suit to nonresident defendants in attachment proceeding constitutes legal notice to them.

*Appeal from St. Charles Circuit Court.*—HON. W. W. EDWARDS, Judge.

AFFIRMED.

*C. W. Wilson* for appellants.

(1) If Nancy Irvine had acquired anything from John Howell's estate, it would have been by devise and not by inheritance. She was not responsible on the breach of warranty in Howell's deed. *Sauer v. Griffin*, 67 Mo. 654; 4 Kent's Com. [11 Ed.] p. 464; *Keen v.*

*Watson*, 39 Mo. App. 172. (2) Under the existing law (R. S. 1889, sec. 8839), heirs and devisees could only be held responsible for the debt of the ancestor to the extent of the property received. But neither, Nancy Irvine nor the appellants, received anything from John Howell's estate, and they were in nowise responsible to Leyh for the breach of warranty in the deed from John Howell to Leyh. *Irvine v. Leyh*, 102 Mo. 206; *Metcalf v. Smith's Heirs*, 40 Mo. 572; *State ex rel. v. Hoshaw*, 86 Mo. 199. (3) The remedy for Leyh was against John Howell's estate, which was perfectly solvent, and not against Nancy Irvine's heirs. *Pearce v. Calhoun*, 59 Mo. 271; *Tittington v. Hooker*, 58 Mo. 593; *French v. Stratton*, 79 Mo. 560, 563. (4) Section 2219, Revised Statutes, 1889, is no bar to the plaintiffs' action in this case. *Irvine v. Leyh*, 102 Mo. 204; *Stewart v. Caldwell*, 54 Mo. 538; *Herrington v. Utterbach*, 57 Mo. 521; 1 Story's Eq. [6 Ed.], sec. 63$i$, pp. 81, 82, also, sec. 80, p. 98; *Savings Inst. v. Collonious*, 63 Mo. 295; *Pratt v. Clark*, 57 Mo. 192; *Primm v. Raboteau*, 56 Mo. 415. Ten years is the limitation against such actions in this state. *Hunter v. Hunter*, 50 Mo. 445; *Thomas v. Matthews*, 51 Mo. 107; *Klein v. Vogel*, 90 Mo. 250; *Kelly v. Hurt*, 61 Mo. 466. (5) The judgment assailed was either conceived in fraud or it was the result of a gross mistake on the part of Leyh. Equity will set it aside. *Wright v. Barr*, 53 Mo. 340; *Durfee v. Moran*, 57 Mo. 374; *Wilson v. Broughton*, 50 Mo. 17; *Case v. Cunningham*, 61 Mo. 434; *Summers v. Coleman*, 80 Mo. 499; 1 Story's Eq. [6 Ed.], sec. 166, p. 195; 2 Story's Eq. Jur. [6 Ed.], sec. 887, p. 225; *Miles v. Jones*, 28 Mo. 87. (6) The plaintiffs (appellants) having shown a valid and sufficient explanation of their failure to put in their defense in the original suit, they are entitled to relief upon any recognized ground of equity jurisdiction. Mistake is

a well recognized ground of equity jurisdiction. It is as ancient as equity jurisprudence. 1 Story's Eq. [6 Ed.], sec. 166, p. 195; *Summers v. Coleman*, 80 Mo. 500; *Durfee v. Moran*, 57 Mo. 374; *Case v. Cunningham*, 61 Mo. 434; *Hook v. Craighead*, 32 Mo. 405; *Cassidy v. Metcalf*, 66 Mo. 519; *Owen v. Ramstead*, 22 Ill. 161; *Johnson v. Coleman*, 23 Wis. 452; *Hayden v. Hayden*, 46 Cal. 332; *Munn v. Worral*, 16 Barb. 228; *Kelly v. Hurt*, 74 Mo. 568. (7) The petition of Leyh, in the attachment suit, is a misrepresentation of fact in every material particular. He falsely asserts a right to judgment, when he had no claim on these parties. He falsely charged that these appellants had acquired by inheritance from Nancy Irvine real estate and property, which she had inherited from John Howell. Upon these false representations he procured an unjust judgment and perpetrated a gross fraud against the appellants. This constitutes a clear case of actual fraud. 1 Story's Eq. [6 Ed.], sec. 193; *Dulaney v. Rogers*, 64 Mo. 204; *Nauman v. Oberle*, 90 Mo. 669; *Pomeroy v. Benton*, 57 Mo. 548; *Dunn v. White*, 63 Mo. 181; *Walsh v. Morse*, 80 Mo. 573; *Caldwell v. Henry*, 76 Mo. 260; *Raley v. Williams*, 73 Mo. 310; *Isaacs v. Skrainka*, 95 Mo. 517.

*Theodore Bruere* for respondent.

(1) The appellants are not entitled to the relief prayed for, and the judgment of the St. Charles circuit court should be affirmed; because the present record shows that this is, in every particular, the same case decided and passed upon by this court, at the October term, 1890. *Irvine v. Leyh*, 102 Mo. 200-212. See, also, *Hickman v. Link*, 116 Mo. 123. (2) The evidence shows that the judgment was honestly procured by respondent, and by him obtained in the utmost good

faith; he never had any idea or intent to cheat or defraud appellants, but had every reason to believe, and did believe at that time, that the allegations in his petition, on which he obtained such judgment, were true. Said judgment can, therefore, not be set aside now. *Irvine v. Lehy*, 102 Mo. 205–206; *Payne v. O'Shea*, 84 Mo. 129; *McGindley v. Newton*, 75 Mo. 115; *Smith v. Sims*, 77 Mo. 269; *Acock v. Acock*, 57 Mo. 154; *Carolus v. Koch*, 72 Mo. 647; *Bank v. Hughes*, 10 Mo. App. 11; *Lavender v. Boaz*, 17 Ill. App. 421; *Zellerbach v. Allenberg*, 67 Cal. 296. (3) The doctrine is too well settled that the fraud for which a judgment will be vacated must be a fraudulent act in procuring a judgment. *Irvine v. Leyh*, 102 Mo. 208; *Richardson v. Stone*, 102 Mo. 33; *Murphy v. DeFrance*, 101 Mo. 151; s. c., 105 Mo. 53; *Payne v. O'Shea*, 84 Mo. 129; *Smith v. Sims*, 77 Mo. 270; *Wood v. Lenox*, 23 S. W. Rep. 812; *Zellerbach v. Allenberg*, 67 Cal. 296; *United States v. Throckmorton*, 98 U. S. 66; Freeman on Judgments [3 Ed.], secs. 489–493. (4) Appellants claim now to be entitled to relief, not only upon the ground of fraud, but also because respondent, "while he was laboring under a gross mistake, as to the facts in the premises falsely, erroneously and untruthfully represented, and stated to the court, that the allegations and charges contained in his said petition were in all respects true." Equity will not set aside a judgment upon any such grounds, especially in this case, where the law provides for an ample remedy to do so by petition for review within three years. *Hansford v. Hansford*, 34 Mo. App. 262; Freeman on Judgments [3 Ed.], secs. 249, 257, 497; *United States, v. Throckmorton*, 98 U. S. 66; *Dringer v. Receiver*, 8 Atl. Rep. 311.

BLACK, P. J.—John Howell conveyed one hundred and three acres of land to the defendant, Ferdi-

nand Leyh, by a warranty deed dated the twenty-sixth of June, 1866. Howell died leaving an estate which was settled prior to 1873. At the last named date Leyh was dispossessed of a part of the land so purchased by him, so that a cause of action accrued in his favor on the broken covenants of warranty in the deed from John Howell to him. John Howell left five heirs, four of whom settled with Leyh for their respective shares of the damages arising from the breach of the covenants in their father's deed. Nancy Irvine, the other heir of John Howell, died leaving the plaintiffs in this suit as her heirs. Leyh commenced a suit by attachment in 1875 against the plaintiffs in this suit, to recover one fifth of the damages he had sustained by the broken covenants before mentioned. The defendants in that case (plaintiffs in this one) were nonresidents and were duly and regularly notified by newspaper publication. Leyh obtained judgment in 1876, under which he purchased the land now in suit.

In 1885 the defendants in that case commenced this suit to set aside the judgment in the attachment suit and the sheriff's deed based thereon. The trial court gave judgment for the plaintiffs, setting the former judgment and sheriff's deed aside, which judgment was reversed and the cause remanded by this court. 102 Mo. 200. The cause was again tried, resulting in a judgment for the defendant Leyh, and the plaintiffs sued out this appeal.

After the first judgment was reversed and the cause remanded, the plaintiff filed an amended petition. It was alleged, among other things, in the first petition, that the defendant here appeared in his attachment suit and presented his petition to the court and falsely and fraudulently represented and stated that plaintiffs here (defendants there) were the owners of real and

personal property, which they inherited from their mother, and that she inherited the same property from her father, John Howell. It was alleged in the amended petition in this case that defendant appeared in his attachment suit, and then and there, either knowingly and intentionally, for the purpose of defrauding these plaintiffs, ''or while he was laboring under a gross mistake as to the facts in the premises,'' falsely and erroneously and untruthfully represented that, etc. In other respects the pleadings are the same as they were when the case was here before; and there is no substantial difference in the evidence.

It appears now, as it did then, that the defendant in this case, the plaintiff in the attachment suit, instituted and prosecuted that suit in perfect good faith, believing he had a just demand against the present plaintiffs. It was said on the former appeal, and has been repeated in subsequent cases, that ''the acts for which a court of equity will, on account of fraud, set aside or annul a judgment or decree, between the same parties, rendered by a court of competent jurisdiction, have relation to frauds, extrinsic or collateral to the matter tried by the first court, and not to a fraud in the matter on which the decree was founded.'' All the averments of fraud, as well as the new averments of mistake on the part of Leyh, relate to matters on which the former judgment was founded, and not to any matter extrinsic or collateral to the issues that might have been raised in that case. It is obvious that the insertion of the averment as to mistake on the part of Leyh does not call for the application of any other rule than that before stated.

In the case of *Hayden v. Hayden*, 46 Cal. 333, the judgment sought to be set aside was rendered on publication of notice. The order for publication did not direct a copy of the complaint and summons to be sent

to the defendants or any of them. This direction was omitted because the plaintiff had made and filed an affidavit that she did not know where the defendants resided, and, therefore, did not know at what place a communication through the postal department would reach them; when, in truth, she knew where each and all of them resided, and the affidavit was made and filed to prevent the defendants from getting actual notice of the suit. The case of *Johnson v. Coleman*, 23 Wis. 452, is, in its facts, to the same effect. In each of these cases fraudulent acts were resorted to for the purpose of having the process of the court served so as to avoid the actual notice contemplated by the law in those states, and thereby deprive the defendants of an opportunity to appear and dispute the averments of the complaint or petition. These cases are, therefore, wholly unlike the one now in hand; for here the order of publication was duly and properly and in good faith made after a *non est* return. There was no evasion of the law in procuring the order of publication. In contemplation of law the publication of the order in the attachment suit was notice to the defendants. *Jones v. Driskill*, 94 Mo. 191.

It is unnecessary to add anything more to what was said on the former appeal. The judgment is affirmed. All concur.