CONRAD E. SCHROER

*v.*

WILLIAM H. PETTIBONE *et al.*

*Filed at Ottawa June 13, 1896—Rehearing denied October 16, 1896.*

INJUNCTION—*when it lies to prevent enforcement of fraudulent judgment.*
Equity will interfere to prevent the enforcement of a judgment
recovered upon a false and fictitious demand by the fraud of the
plaintiff therein, in the absence of the defendant and without his
knowledge, upon constructive service merely.*

*Schrorer* v. *Pettibone,* 58 Ill. App. 436, affirmed.

APPEAL from the Appellate Court for the First Dis-
trict;—heard in that court on appeal from the Superior
Court of Cook county; the Hon. THEODORE BRENTANO,
Judge, presiding.

STIRLEN & KING, for appellant.

H. F., F. A. & H. F. PENNINGTON, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellant filed his bill in equity in the Superior Court
of Cook county in aid of a special execution issued upon a
judgment rendered in an attachment proceeding against
certain lands in Cook county, alleged in the bill to belong
to appellee William H. Pettibone, while the legal title
thereof was vested in his wife, Mary M. Pettibone. The
bill set up the recovery of the judgment *in rem* in the
attachment proceeding for the sum of $3000 upon con-
structive service, and the issuing of the execution; al-
leged that the real estate was purchased with the money
of Pettibone and the title placed in the name of his wife
for the fraudulent purpose of hindering and delaying the
complainant and other creditors of Pettibone in the col-
lection of their debts. William H. Pettibone and his wife,
Mary M. Pettibone, made defendants to the bill, appeared

*For authorities respecting injunctions against judgments on ac-
count of fraud, see note to *Merriman* v. *Walton,* (Cal.) 30 L. R. A. 786.

and answered, denying the material allegations of the bill, and alleged that the real estate in question was purchased with the moneys of the wife and was her property, and that Pettibone had no interest therein. Replication was filed by complainant, and Pettibone then filed his cross-bill, in which he attacked the judgment rendered in the attachment proceeding as having been obtained by fraud and upon a false and fictitious demand. Complainant in the original bill filed a demurrer to the cross-bill, which was overruled by the court, and, appellant abiding by his demurrer, a decree was rendered in compliance with the prayer of the cross-bill, setting aside and cancelling the judgment of $3000 and dismissing the original bill. The Appellate Court affirmed that decree, and we are asked by the appellant on this appeal to reverse the judgment of the Appellate Court and the decree of the circuit court.

It appears from the cross-bill that prior to the attachment suit appellant exchanged two lots in Pennock, Cook county, which were subject to a mortgage of $1500, with W. H. Pettibone for twelve lots in Nickerson, Kansas; that the abstracts of title showed that the title to the two lots was clouded by a creditor's bill for $50 and that there was $100 interest due on the mortgage. Pettibone loaned appellant $100 with which to pay this interest, and took appellant's note for that amount for its repayment. It was then agreed that to secure the payment of the note and the removal of the cloud, Pettibone, as to one of the twelve lots in Kansas, should only deliver the deed therefor *in escrow*, to the Globe National Bank, to be delivered by said bank to appellant when, and not before, he should pay the note and remove the cloud. The note not having been paid when due, Pettibone sued and obtained judgment on it against appellant, and by subsequent proceedings in Kansas enforced the collection of the judgment out of the lots he had conveyed to appellant. Pettibone having removed to the State of

New York, appellant commenced the attachment suit against him in the Superior Court of Cook county and attached the lands here in controversy as the lands of Pettibone, the legal title whereof was in his wife. The demand upon which the attachment suit seems to have been brought was, that the $100 note was paid by the non-delivery of the deed to the one lot,—the deed which had been delivered *in escrow,*—and that nothing was due Pettibone upon the note when he obtained judgment upon it or when he caused the Kansas lots to be sold to satisfy said judgment; and appellant claimed that by reason of the premises, and of the sale under execution of the Kansas lots, he was damaged to the amount of $3000,—so testified and so obtained his judgment. It further appears by the cross-bill—and its allegations are admitted by the demurrer—that neither the Kansas lots, nor the Pennock lots subject to the mortgage, were worth more than $300, and that their value was well known to Pettibone. The latter knew nothing of the attachment suit, nor of the judgment therein, until he was served with a copy of the bill in this case, when he moved to set aside the judgment and for leave to appear and defend, but on objection of appellant his motion was denied.

While the cross-bill is by no means a model of good pleading, we think it is sufficiently alleged that the $3000 judgment was recovered upon a false and fictitious demand by the fraud of appellant, in the absence of Pettibone and without his knowledge, upon constructive service merely. In such a case equity will interfere to prevent the enforcement of such a judgment. (*Ogden* v. *Larrabee,* 57 Ill. 389; 12 Am. & Eng. Ency. of Law, 142.) We must, of course, decide the case upon the pleadings. It might be that upon a hearing upon the evidence no fraud would appear, but it is so alleged, and upon the admission of the demurrer it must be so held.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*