CHARLES H. WAGNER, *Appellant*, v. J. G. BEADLE *et al.*, *Appellees.*

No. 16,525.

SYLLABUS BY THE COURT.

1. VACATION OF A JUDGMENT—*Fraud.* The fraud for which a judgment may be set aside must be actual fraud, involving intentional wrong, as distinguished from legal or constructive fraud.

2. ———— *Same.* Assuming, but by no means deciding, that the rule forbidding a judgment to be set aside for fraud in a matter thereby adjudicated does not apply where the defendant had no actual notice of the pendency of the action, no ground for its vacation is established by a showing that it was based

on a claim insufficient in law but admitting of assertion in good faith.

3. ———— *Limitation of Action.* One against whom a decree quieting title has been rendered upon publication service and without actual notice can not, after the lapse of three years, have the judgment set aside as fraudulent merely by showing that the plaintiff's title was based solely upon a tax deed which showed upon its face that it was not effective as a conveyance.

Appeal from Kearny district court; WILLIAM H. THOMPSON, judge. Opinion filed May 7, 1910. Affirmed.

*Lee Monroe,* and *George A. Kline,* for the appellant.

*O. H. Foster, Edgar Foster,* and *Fred J. Evans,* for the appellees.

The opinion of the court was delivered by

MASON, J.: On April 18, 1903, F. C. Puckett began an action to quiet title against Charles H. Wagner, upon whom service was made by publication. The petition was in the statutory form, alleging merely title and possession in the plaintiff and an adverse claim by the defendant. Judgment by default was rendered June 23, 1903. On April 28, 1909, Wagner began an action against J. G. Beadle (a purchaser from Puckett) to set aside the judgment on the ground that it had been obtained by fraud. He was denied relief and appeals. The facts upon which he relies for a recovery, as developed by the evidence, are that he knew nothing of the judgment until more than three years after its rendition, and that Puckett had no title except under a tax deed, issued November 5, 1902, which was so defective that the five years statute of limitation could not be invoked in its behalf. His argument is that as the deed showed on its face that it did not convey a good title Puckett necessarily knew that he was not entitled to a decree against Wagner,

and was guilty of fraud and imposition upon the court in asking and obtaining one.

Whether the tax deed conveyed a title was the very question involved in the action brought by Puckett. If Wagner had had actual notice of the proceeding he could not avail himself of any false representation in that regard, under the familiar rule that the fraud for which a judgment may be set aside must be external to the matter adjudicated. (*Plaster Co. v. Blue Rapids Township,* 81 Kan. 730.) But he maintains that that rule applies only where the defendant knew of the pendency of the suit and so had a real opportunity to interpose a defense. This contention is supported by what was said in *Dunlap v. Steere,* 92 Cal. 344, where, however, the constructive service was based on a willfully false affidavit. That case quotes a statement to the same effect from the opinion in *Irvine v. Leyh,* 102 Mo. 200, but the view there expressed seems in fact to have been that of but a minority of the court. (*Ruhe v. Buck,* 124 Mo. 178, 203; *Irvine v. Leyh,* 124 Mo. 361.) Other cases cited by the California court, including *Adams et al. v. Secor,* 6 Kan. 542, tend to justify its conclusion. The case of *Schroer v. Pettibone,* 163 Ill. 42, has the same tendency. If a defendant who knows nothing of an action until after judgment has been rendered is barred from challenging its good faith, injustice may often result; but if under such circumstances he may question the truth of the petition a decree rendered upon constructive service must always lack finality. The statute (Code 1909, § 83) guards against the practical ill effects of treating such a decree as an actual adjudication by preventing it from becoming absolute until the expiration of three years. But we need not now determine whether one who has had no actual notice of the pendency of an action against him may attack the judgment for fraud in a matter directly involved therein. Assuming such to be the case, the appellant can derive no benefit from

the principle, for he has failed to bring himself within its operation. The fraud for which a judgment may be set aside by action must be of the same kind referred to in the statute (Code 1909, § 596, subdiv. 4) permitting such relief on motion, of which it was said in *Laithe v. McDonald*, 7 Kan. 254:

"The word 'fraud' in this statute is used in its common, direct sense. It means 'fraud in fact,' not 'fraud in law.' It embraces only intentional wrong—those acts done by the successful party with a knowledge of their criminality, and with the purpose of thereby depriving his adversary of some right." (Page 264.)

Puckett's tax deed, as has been said, was upon its face ineffective as a conveyance of title. But it does not follow that he knew this. Indeed, if he had been aware of the requirements of the law in that regard it may fairly be supposed that he would not have accepted the deed or that he would have surrendered it and asked for a better one. The presumption that every one knows the law does not extend so far as to make one guilty of fraud who asserts that to be the law which a court of last resort has declared to be otherwise. Wagner had for six years failed to pay taxes on his land. If the county officers had complied with the statutes his title would have been annulled and a deed would have been executed cutting off his interest absolutely. The right to the property which he still retained resulted solely from technical defects in the proceedings for the enforcement of his obligation to pay taxes thereon. He can not maintain that a denial of his title necessarily involved bad faith. Puckett paid the taxes, and, if the statutes had been pursued, would have become the owner of the land. He took the deed that was furnished him and began an action to quiet title. His assertion in his petition that he owned the land, although untrue as a legal proposition, was not a fraud in itself, nor was it evidence of a fraudulent purpose. After the judgment had been

rendered Wagner had a right to have it reopened upon a showing that he had received no actual notice of the action and that he had a valid defense, provided he applied therefor within three years. His present action is in effect an application of that character, and to allow a recovery upon it would be to permit him to have the judgment vacated after three years upon the very grounds which the statute requires to be presented before the expiration of that period.

The judgment is affirmed.