No. 21,162.

EUGENE SCHENCK, sr., *Appellant,* v. SCHOOL DISTRICT NO. 34 OF THE COUNTY OF HAMILTON et al., *Appellees.*

SYLLABUS BY THE COURT.

INJUNCTION—*Taxation Judgments—Collateral Attack.* A judgment rendered by a court having jurisdiction of the parties and subject matter is not open to collateral attack on account of illegality or fraud which was in issue and open for consideration in the trial in which the judgment was rendered, although such judgment may have been taken by default or consent on the day following the bringing of the original action.

Appeal from Hamilton district court; GEORGE J. DOWNER, judge. Opinion filed April 7, 1917. Affirmed.

*William Easton Hutchison,* and *C. E. Vance,* both of Garden City, for the appellant.

*George Getty,* and *H. E. Walter,* both of Syracuse, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action by Engene Schenck, sr., to enjoin the collection of a tax levied for the purpose of paying two judgments rendered against the defendant school district No. 34 of Hamilton county. Plaintiff appeals from the ruling sustaining a demurrer to his evidence and the holding that the judgments sought to be enjoined are not open to collateral attack.

The judgments on account of which the tax was levied were obtained by Ross, who built a new school building for the district, and by Ford, who furnished the material for its construction. It was alleged that the judgments were fraudulently obtained through the collusion of the plaintiffs in those

actions with the director and treasurer of the district, who knew that the contracts upon which the judgments were based were void because they were entered into by the director and treasurer without any authority "from a district meeting or meeting of the district board of said district," and that "the construction of such a schoolhouse had not been authorized by the voters of said district and no provision had been made at any district meeting for funds to construct the same, and that said contracts and all alleged indebtedness incurred by said director and treasurer in and about the construction of said schoolhouse were and are wholly null and void as against said district."

It appears that school district No. 34 comprises territory eight miles long and five miles wide. The district had a school building in the eastern part of the territory, and at their annual meeting in April, 1916, the electors voted in favor of erecting another building in the western part of the district and that the selection of a site should be left to the decision of the board. At a meeting of the board held on July 6, 1916, it was voted that the new schoolhouse should be located at a certain point in the west end of the district, and that a frame building thirty-four feet long, eighteen feet wide and with ten-foot studding should be erected. The district was then without funds, but the electors voted a levy of twelve mills for general school purposes. At an election held in June, 1916, a proposition to issue bonds in the amount of $800 to pay for the new school building was voted down. Shortly after the selection of a site and the decision of the board as to the size and character of the new building a majority of the board entered into the contracts with Ross and Ford, who thereafter built a frame building of the size mentioned. In the minutes of the board meeting of July the clerk made a note that he objected before witnesses to building a schoolhouse of that size. At a board meeting held on September 5 it was voted to allow warrants for the cost of the material and labor for the building, the clerk voting against the measure, and soon thereafter a teacher was hired, who began work as early as September 11, since which time the schoolhouse has been in use by the district. On September 22, 1916, Ross and Ford each brought an action against the district, and on the next day the

board had a meeting, not attended by the clerk, when they voted to ratify the contracts with Ross and Ford and the action taken by the director and treasurer in respect to the contracts, and the building was accepted. They also voted to empower the director to employ counsel to look after the interests of the district in the actions brought by Ross and Ford, "either by suit or compromise." On the same day the board's attorneys entered into a stipulation with the plaintiffs in the actions mentioned, wherein it was agreed that the cases should be tried immediately without a jury. At the trial the plaintiffs were each awarded judgment, the district filing no answers and offering no evidence. To pay these judgments the board, on September 27, authorized a tax levy of eight and a half mills, which is the tax sought to be enjoined in this action. After the judgments were secured the clerk issued a call for a meeting to be held on October 2, pursuant to a petition signed by over ten of the taxpayers of the district, at which meeting it was voted to disaffirm the contracts made by the board, and they also authorized the clerk and another to make application to the court to set aside the judgments.

The plaintiff contends that the contracts were void because the board acted without authority in the selection of a site; in that no provision was made as to the kind of a schoolhouse to be built; and in that no proper provision for funds to pay for the building had been made. It is also contended that the judgments were procured and entered by fraud and collusion.

This proceeding is a collateral attack upon judgments that are regular and valid upon the face of the record. The court which rendered them had jurisdiction of the parties and of the subject matter and its decisions are not open to collateral attack unless they were procured by fraud. The fraud available in such an attack is what has been called extrinsic fraud, but relief against a judgment can not be had for intrinsic fraud, —something which was in issue and might have been decided at the trial at which the judgment was rendered. Acts of illegality and other matters which might have been interposed in those actions are foreclosed by the entry of the judgments so long as they stand unreversed. (*Snow v. Mitchell*, 37 Kan. 636, 15 Pac. 224; *In re Wallace*, 75 Kan. 432, 89 Pac. 687; *McCormick v. McCormick*, 82 Kan. 31, 107 Pac. 546; *Weedman*

*v. Fowler*, 84 Kan. 75, 113 Pac. 390; *United States v. Throck-morton*, 98 U. S. 61.) It is contended that the judgments in question were founded upon acts of the school board which were not warranted under the law and were not performed in good faith, but these were defenses which might have been made in the district court in the cases wherein the judgments were rendered and were open to review here upon appeal.

In *Elder v. Bank of Lawrence*, 12 Kan. 242, it was decided that a judgment based on transactions which were forbidden by law and on securities that were void—matters that might have been set up and determined in the case—can not be set aside in an injunction proceeding.

It has been decided that an application for a mandamus to compel the levy of a tax for the payment of a judgment against a county could not be defeated by showing that the judgment against the county was based on a groundless claim—one for which no recovery could have been had if a defense had been made in the original action. (*Investment Co. v. Wyandotte County*, 86 Kan. 708, 121 Pac. 1097.)

In *Plaster Co. v. Blue Rapids Township*, 81 Kan. 730, 106 Pac. 1079, it was ruled that fraud involved and open to determination in an action wherein a judgment was rendered is deemed to be intrinsic, and if error was committed and a wrong result reached it can be corrected only upon appeal. It was there held that a judgment obtained upon perjured testimony is a fraud which is inherent in the action and judgment, which can not be set aside in an injunction or other independent proceeding. (See, also, *Miller v. Miller*, 89 Kan. 151, 130 Pac. 681.)

In an action on a judgment taken by default against defendant in a county other than that in which he resided it was held not to be a defense that the joinder of the two defendants was collusive to enable plaintiff to sue a nonresident out of the county wherein he resided, nor yet that after the judgment against him had been obtained the action was dismissed as to the other defendant. (*Ayres v. Deering*, 76 Kan. 149, 90 Pac. 794. See, also, *In re Luttgerding*, 83 Kan. 205, 110 Pac. 95.)

The fact that no defense was made by the board against the actions of Ross and Ford is not a sufficient ground for an attack upon the judgments in this proceeding. These parties

Schenck v. School District.

had .claims against the district for the material and labor used in the new school building which was then in use by the district. They brought their actions against a proper party in a court of competent jurisdiction, and the director, as he had authority to do, employed attorneys to represent the district. It is true that no answer was filed nor defense made, and according to the testimony it may be said the judgments were taken with the consent of counsel for the district. However, the fact that no answer was filed and that the judgments were taken practically by consent so soon after the actions were brought is not good ground for treating them as void and setting them aside.

In *Armstrong v. Grant,* 7 Kan. 285, it was held that a judgment rendered by default on the return day of the summons, although seriously erroneous, was only voidable and must be treated as valid when questioned collaterally. (See, also, *Wagner v. Beadle,* 82 Kan. 468, 108 Pac. 859.

It is also held that compromise judgments and those taken by consent in cases where the courts have jurisdiction are not open to collateral attack. (*White v. Crow,* 110 U. S. 183; *Crouse v. McVickar,* 207 N. Y. 213; Case note, 36 L. R. A., n. s., 980.)

In several respects the action of the school board was irregular and illegal and this action might have been available for the reversal of the judgment if an appeal had been taken in the original action, but under previous rulings of this court, the judgments, having been rendered by a court having jurisdiction of the parties and subject matter, are not open to attack in this proceeding upon any of the grounds set forth by the plaintiff.

The judgment of the district court is affirmed.