No. 20,587.

CHARLES ALFRED PAGE, *Appellant*, V. GEORGIANA SAWYER et al., *Appellees*.

SYLLABUS BY THE COURT.

1. QUIETING TITLE—*Setting Aside Judgment—Good Faith—Evidence*. In an action to set aside a judgment quieting title to real property, on the ground that the judgment was obtained by fraud, the defendant may prove that he acted in good faith, and to do this he may introduce evidence to show the information on which he based his claim of title to the real property, although that evidence may not be admissible to prove title.

2. SAME—*Conversations between Deceased Persons—Competent Witness.* A person, who is also a party to an action, may testify to conversations which occurred in his presence, between deceased persons, where the opposite party claims as heir of one of the deceased persons.

3. SETTING ASIDE JUDGMENT—*False Affidavit for Publication Service—Good Faith.* Proof that statements contained in an affidavit for publication notice were false is not sufficient to set aside the judgment based on such notice, on the ground that the judgment was obtained by fraud, where those making the affidavit believed that the statements contained therein were true.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed November 10, 1917. Affirmed.

*J. B. Larimer, Lee Monroe, James A. McClure,* and *C. M. Monroe,* all of Topeka, for the appellant; *E. R. Simon,* of El Centro, Cal., and *John S. Bates,* of Kansas City, Mo., of counsel.

*Z. T. Hazen,* and *R. H. Gaw,* both of Topeka, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: This action was brought to set aside a judgment. Judgment was rendered in favor of the defendants, and the plaintiff appeals.

In 1904 the defendants, Georgiana Sawyer, Electa A. Sawyer, Lemuel Sawyer, and Eva M. Lembke, obtained a judgment against the plaintiff and others quieting title to certain real property in Topeka. The judgment was obtained on

service by publication.   In the present action, the plaintiff alleged that the judgment quieting title was obtained by fraud.   The fraud alleged was that the allegations of the petition and of the affidavit for publication notice were false and untrue, and were known by the plaintiffs to be false and untrue.   The plaintiff, in the present action, asked that the judgment quieting title be set aside; that he be decreed to be the owner in fee simple and entitled to the possession of the real property in controversy; that he recover judgment in the sum of $840 for rents and profits; that a mortgage on the real property be canceled; and that his title to the real property be quieted.

The court made exhaustive findings of fact.   Two of the conclusions of law were as follows:

"The defendants were not guilty of fraud in fact or intentional wrong in securing the judgment mentioned in the fifty-eighth finding of fact, case No. 22,847, and the plaintiff herein is barred from recovery in this action by said judgment.

"The defendants are entitled to have their title to the real estate in controversy quieted against plaintiff and to a judgment for costs."

1.   The plaintiff's first complaint is that the court erred in the admission of evidence.   Georgiana Sawyer, one of the defendants, was permitted to testify to conversations that occurred years ago between the mother and the stepfather of the defendants.   Those conversations concerned the property then owned by the mother, the stepfather, and the defendants in this action, and certain exchanges of property that took place about the time of the conversations.   The mother and the stepfather were dead at the time this action was commenced.

In the attack on the judgment, the title to the real property was not in issue.   That title had been adjudicated by the former judgment.   If the plaintiff, in his attack on the judgment, sought to question the title of the defendants, his attack was a collateral one and could not be maintained. (*Schenck v. School District,* 100 Kan. 389, 164 Pac. 169.)

The plaintiff's petition properly joined several causes of action: one to set aside the judgment; another to determine the title to, and recover the possession of, the real property; another to quiet title; another to recover judgment for rents

and profits; and another to cancel a mortgage given by the defendants. The joinder of these several causes of action did not change the character of evidence that must be introduced to establish any one of them. Competent evidence, introduced under any one cause of action, might have been properly considered under another cause of action, if competent under the latter. The joinder of several causes of action did not change the character of evidence by which to establish fraud in procuring the judgment. If the plaintiff failed in his efforts to have the judgment set aside, he could not recover on any cause of action set out in his petition. If his evidence made out a *prima facie* case of fraud, it was then incumbent on the defendants to establish that they did not practice any fraud on the plaintiff. To do this it was proper for them to show the information on which they acted when they commenced their action. The evidence complained of was that which tended to show that fact, and was therefore competent. From the evidence abstracted, the conclusion may be drawn that the defendants attempted to show not only that they acted in good faith in prosecuting their action to quiet title, but also that they were actually the equitable owners of the property in controversy. The admissibility of the evidence complained of, if offered to prove ownership, may be a subject of debate, but it is not necessary to determine that question at this time. Evidence of the conversations between the mother and stepfather was admissible to show good faith. Even if it was inadmissible on the question of title, no error was committed by its admission. The trial was by the court, without a jury, and the court was able to restrict the evidence to its proper application.

2. The testimony concerning the conversations between the mother and stepfather was objected to on the ground that the witness was incompetent under section 320 of the code of civil procedure. At the time these objections were made it did not appear that the witness was a party to any of the conversations or that she took any part in them. On cross-examination the witness once or twice testified in substance that her knowledge of the transactions concerning which she was testifying was based on what her mother and stepfather had told her. The plaintiff then moved to strike out the testimony of the wit-

ness.    The trial judge then asked questions which were answered as follows:

"The court: Did you hear your mother and your stepfather talk it or not?  A.  Yes, sir.

"The court: Or was your information derived from statements made to you by your stepfather or by your mother; which way was it?   A.  I heard them talking about it in the home, at the table, in the family.

"The court: At the time of the transaction they would talk it over? A. Yes, sir."

From the examination by the trial judge, it appeared that the witness was testifying to conversations between her mother and stepfather and to facts that the witness had learned during those conversations.   She was competent to so testify.    (*Griffith v. Robertson,* 73 Kan. 666, 85 Pac. 748; *Harris v. Morrison,* 100 Kan. 157, 161, 163 Pac. 1062.)

3.  The plaintiff's last complaint is an attack on the affidavit for publication notice.   He contends that the statement contained therein, that the plaintiffs in the former action were the legal and equitable owners of the property, was false.   The plaintiff contends that belief in the truth of that statement, as contained in the affidavit, was not sufficient to avoid a charge of fraud.   If his contention were true, litigation on any particular question would never cease.   Litigants are often mistaken—honestly mistaken—positively and absolutely mistaken —but such mistakes do not make their conduct fraudulent. The court's conclusion on this fact was fully warranted by the evidence.   The evidence abstracted by the plaintiff and the findings and conclusions of the trial court established that the defendants, in this action, were not guilty of any fraud in procuring their judgment quieting title to the property in controversy.

The judgment is affirmed.