No. 26,954.

R. E. PULLEY, *Appellee*, v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, *Appellant*.

### SYLLABUS BY THE COURT.

1. WORKMEN'S COMPENSATION ACT — *Final Adjudication — Compromise and Settlement Resulting in Judgment of Dismissal.* An action was brought upon a claim for compensation and after issues had been joined, but before a trial was had, a compromise and settlement of the claim was effected and the compensation agreed upon was paid. Upon agreement of the parties a judgment of dismissal was entered with prejudice to any future suit or action. *Held,* the judgment amounted to a final adjudication on the merits, and until such judgment is reversed or set aside on appeal or in some direct proceeding brought for that purpose, it constitutes a bar to a future action on the claim so adjudicated.

2. SAME—*Final Adjudication—Effect of Mutual Mistake.* An averment of the plaintiff in a second action to recover compensation to the effect that the settlement was made through a mutual mistake as to the extent of his injuries, and that he was led to believe that he was not entitled to a greater sum than he had agreed to take, did not destroy the final effect of the judgment previously rendered.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. Mc-CAMISH, judge. Opinion filed January 8, 1927. Reversed.

*Luther Burns, J. E. Du Mars,* both of Topeka, and *O. L. Miller,* of Kansas City, for the appellant.

*W. W. McCanles,* of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: In May, 1923, R. E. Pulley was an employee of the Chicago, Rock Island & Pacific Railway Company, which was operating under the workmen's compensation law, and while he was so employed he sustained an injury for which he claimed compensation. Alleging that he had proposed arbitration of the claim but that it was refused by the company, he brought an action alleging that he was so injured and disabled as to be entitled to compensation in the amount of $2,604. Before the trial of that action he entered into a compromise agreement with the company by which it was agreed that upon the payment of $250 full satisfaction would be acknowledged by plaintiff, and that amount was paid. The following stipulation was then signed:

Judgments, 34 C. J. pp. 516 n. 90, 787 n. 84. Release, 34 Cyc. p. 1094 n. 45. Workmen's Compensation Acts, C. J. p. 128 n. 16.

"It is hereby stipulated and agreed by and between the parties hereto, that the above case has been fully settled and the claim therein made fully paid and satisfied, and that said cause shall be and is hereby dismissed by the plaintiff with prejudice to any future suit or action at the cost of defendant."

The stipulation was presented to the court on September 26, 1923, and a judgment thereon was entered, dismissing the cause with prejudice in accordance with the stipulation. That judgment has not been appealed from, reversed or modified. Later and on May 13, 1925, he brought the present action setting forth the relation of the parties, the injuries sustained, the wages formerly paid for his services, and then sets forth that after he had instituted his suit in 1923, a settlement was made and a stipulation for dismissal of the suit which had been begun was entered into. This was followed by averments to the effect that it had been signed through a mutual mistake of fact, in that he did not know or realize the extent of the injury and had been led to believe by defendant's doctor that his injuries were temporary in character, whereas they are permanent and serious. As a further reason for signing the release and the stipulation to dismiss the action, he alleges that he had been told that he could not recover a larger sum than the defendant's wages and was not advised by anyone as to his rights or the amount that he was entitled to recover. He therefore offered to tender back $250, and asked for compensation in the sum of $2,443. A motion was made by the defendant for judgment upon the pleadings. The motion was denied and defendant appeals.

What was the effect of that judgment is the vital question in the present case. Involved in the first action was the right of the plaintiff to compensation, including the nature and extent of his injuries. Issues were joined between the parties, but before they were tried the claim for compensation was compromised and settled and an agreement not only of the amount of compensation but also that the action should be dismissed with prejudice to any future action. The effect of such a judgment has been fully determined. It has been ruled that under our code two methods of dismissal are provided, one is dismissal without prejudice and another is dismissal with prejudice to a future action. A dismissal with prejudice has been held to be an adjudication on the merits of the case, a final disposition of the controversy which bars the right to bring or maintain an action on the same claim or cause of action. (*Hargis v. Robinson,* 70 Kan. 589, 79 Pac. 119, and cases there cited. See, also,

*Robinson v. Railway Co.,* 96 Kan. 137, 150 Pac. 636; *Davis v. Davis,* 101 Kan. 395, 166 Pac. 515; *United States v. Parker,* 120 U. S. 89.)

It is true, as plaintiff contends, that a release may be set aside on grounds of fraud or mutual mistake and that an attack on a release for fraud or mental incapacity may be joined with an action for compensation. (R. S. 44-534; *Tidwell v. Schaff,* 114 Kan. 255, 217 Pac. 702.) This provision, however, does not apply to a final judgment on the merits of the claim. In the former case finally disposed of, the matter of compensation upon any and every ground was an issue in the case. There the plaintiff pleaded substantially the same facts as were set forth in the second case. He alleged as he did in the second that he was entitled to $108 for permanent disability and $6 per week during the statutory period of eight years, for partial permanent disability, amounting to $2,604 for which he asked judgment. His disabilities were particularly alleged. He did state in the second that he was not fully advised of his legal rights under the compensation act, but he had employed counsel, and acting under his advice he compromised and settled the amount of his claim and agreed that a final judgment might be rendered dismissing the action in such a way as to bar any future action on the claim. If no judgment of this character had been rendered he could have tried out the validity of the release in the action for compensation, but having allowed judgment to be entered upon the merits of his claim he is barred from any relief until that judgment is reversed, modified or set aside in some proper way. In *Schenck v. School District,* 100 Kan. 389, 164 Pac. 169, it is held that compromise judgments and those taken by consent in cases where the courts have jurisdiction are not open to collateral attack. The court had jurisdiction of the cause and of the parties to the action, and hence the judgment is not void. Being only voidable it must be attacked in some direct proceeding instituted for the purpose of having it set aside. There was no fraud in the entry of judgment, and it is therefore final in form and effect and must be regarded as an end of this litigation until that judgment has been set aside by appeal or in some direct proceeding brought for that purpose.

The judgment is reversed and the cause remanded with instructions to enter judgment for the defendant.