F I L E D
United States Court of Appeals
Tenth Circuit

OCT 23 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

RONALD JOEL PRUITT,

      Plaintiff-Appellant,

v.

CHARLES SIMMONS, Secretary,
Kansas Department of Corrections and
DURWARD A. VANBEBBER,
Chaplain, Hutchinson Correctional
Facility,

      Defendants-Appellees.

No. 96-3285
(D.C. No. 96-CV-3309)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before BALDOCK, BARRETT, and MURPHY, Circuit Judges.

After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff, acting pro se, appeals the district court's sua sponte dismissal of his civil rights action, prior to service of the complaint, for failure to state a claim for relief, and the district court's denial of his motion for reconsideration and leave to supplement the complaint. In his original complaint, plaintiff asserted claims for damages and injunctive relief under 42 U.S.C. §§ 1983, 1985(3), and 1986, alleging defendants conspired to devise and implement a policy to retaliate against inmates for observing Jewish proscriptions against working on holy days, although defendants did not enforce that policy against plaintiff.

A district court may dismiss sua sponte a pro se complaint for failure to state a claim only where it is patently obvious that plaintiff cannot prevail on the facts as alleged and allowing him an opportunity to amend would be futile. See Whitney v. New Mexico, 113 F.3d 1170, 1173 (10th Cir. 1997). Liberally construing plaintiff's claims, see id., and reviewing the district court's decision de novo, see Chemical Weapons Working Group, Inc. v. United States Department of the Army, 111 F.3d 1485, 1490 (10th Cir. 1997), we affirm the district court's dismissal of this action.

In support of his damages claims, plaintiff asserts that, although defendants did not enforce any policy in retaliation for his observance of Jewish work proscription laws, defendants caused plaintiff extreme fear, stress and terror by failing to tell him they would not enforce the policy against him. Plaintiff filed

his complaint after the effective date of the Prisoner Litigation Reform Act, which precludes any "Federal civil action . . . by a prisoner confined in a jail, prison, or other correctional facility[] for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e) (Supp. 1997); see also Clarke v. Stalder, 121 F.3d 222, 227 n.8 (5th Cir. 1997) (addressing First Amendment claim). The district court, therefore, did not err in dismissing plaintiff's damages claims.

In support of his claims for injunctive relief, plaintiff asserts that the prison policy at issue has never been officially revoked and could be enforced against him in the future. Accepting plaintiff's allegations as true, see Whitney, 113 F.3d at 1175, we, nonetheless, affirm. In light of his allegations that defendants did not enforce any such regulation in retaliation for his observance of Jewish holy days and that there has been "a long history of recognized Jewish observance of the Work Proscription Laws" in the Kansas Department of Corrections, R. doc. 2 at 13, plaintiff has failed to allege that he has suffered or is in immediate danger of suffering a direct injury as a result of the continued existence of this prison regulation. See Phelps v. Hamilton, 122 F.3d 1309, 1316-17, 1326 (10th Cir. 1997); see also Roberts v. Madigan, 921 F.2d 1047, 1051-52 (10th Cir. 1990). Further, plaintiff failed to allege a credible threat that defendants may enforce such a prison policy against him in the future. See Phelps, 122 F.3d at 1326-27.

Plaintiff, therefore, lacked standing to assert these claims for injunctive relief and the district court did not err in dismissing them.

Lastly, in his motion for reconsideration and leave to supplement the complaint, plaintiff alleged that defendants, subsequent to plaintiff's filing this action, had interfered with his observance of the Jewish holy day of Tisha B'Av, although plaintiff did not give any more specifics. The district court did not abuse its discretion, see Benne v. International Business Machines Corp., 87 F.3d 419, 428 (10th Cir. 1996), in denying this motion, which raised an entirely new claim for relief, after the district court had properly dismissed plaintiff's original causes of action. See Cannon v. City & County of Denver, 998 F.2d 867, 879 (10th Cir. 1993) (no abuse of discretion to deny motion to amend pleadings after final judgment has been entered). See generally Durham v. Xerox Corp., 18 F.3d 836, 840-41 (10th Cir. 1994) (untimeliness alone is sufficient reason to deny motion to amend), and cases cited therein.

The decision of the United States District Court for the District of Kansas is, therefore, AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge

-4-