792 So.2d 339 (2001)
Terry L. FLOWERS, Appellant
v.
Joseph D. McCRAW and Joan C. McCraw, Appellees.
No. 2000-CA-01577-COA.
Court of Appeals of Mississippi.
August 21, 2001.
*340 Danny Henson, Laurel, for Appellant.
Freida Gunn Collins, Ellisville, for Appellees.
Before SOUTHWICK, P.J., THOMAS, and IRVING, JJ.
SOUTHWICK, P.J., for the Court:
¶ 1. The plaintiffs contracted to purchase a strip of land from a railroad company that the railroad was no longer using for its tracks. Prior to the full purchase price being paid or the deed delivered, the timber from that strip and from the adjacent land was harvested. Plaintiffs brought suit against the timber cutter for statutory damages. A judgment for damages, attorneys fees, interest and all court costs was entered for the plaintiffs. On appeal the defendant argues that since the plaintiffs were not the owners of the timber at the time of the cutting they are not entitled to *341 damages, and that it was procedural error to order the joinder of the railroad as a necessary party after the suit had been filed. We disagree and affirm.

FACTS
¶ 2. In August 1997, Joseph McCraw began negotiations to purchase a 100 foot wide strip of land formerly used by the Illinois Central Railroad for its tracks. The land totaled approximately seventeen acres in Jones County, Mississippi. On August 22, 1997, McCraw made a bid of $4,400 to the railroad company to purchase the land and provided a $500 deposit. McCraw's bid was accepted by Illinois Central on October 7, 1997. The remaining purchase price was paid by McCraw in March 1998, at which time he received a quit claim deed to the property.
¶ 3. In December 1997, prior to receiving the quit claim deed, McCraw noticed that the timber had been cut from the property. He asked Jimmy Holcomb, the owner of the property on each side of the railroad's land, who had cut the timber. Holcomb identified Terry Flowers as the one who harvested the timber. Holcomb had given Flowers a timber warranty deed, dated April 11, 1997, that granted the right to cut the timber from a "parcel of land in the NW ¼ of the NW ¼" of the relevant section. No exception for the railroad's property appeared in the timber deed. Flowers admitted that he had cut the timber, but stated that he thought that the timber on the railroad strip was covered by the timber deed.
¶ 4. McCraw brought suit in chancery court against Flowers for statutory damages under Mississippi Code Section 95-5-10(1) (1972). An evidentiary hearing was held on March 9, 2000. After McCraw presented his case, Flowers moved for a directed verdict because the Illinois Central, not McGraw, owned the property at the time the timber was cut. Flowers's counsel notified the court that it had no evidence to present and rested after making the motion. The chancellor took the matter under advisement. In the chancellor's subsequent opinion, he concluded that Flowers was liable either to McCraw or to the railroad, and that equity required that Illinois Central be joined as a necessary party. He directed that the plaintiffs join the railroad. However, eleven days after the original hearing in March, McCraw had obtained an assignment of all rights, claims and causes of action from Illinois Central. After being advised of that assignment, the chancellor issued his final opinion that the railroad was no longer a necessary party. Judgment was entered against Flowers for $10,891.40, plus attorneys fees, interest and court costs. Flowers has appealed.

DISCUSSION

I. Statutory penalty
¶ 5. The first assignment of error is that it was improper for the chancery court to award damages because Illinois Central, not the McGraws, owned the property when the timber was cut.
¶ 6. To evaluate this issue, we start with evaluating the relevant statute. It provides a means of recovery to landowners who have trees cut or destroyed without their consent:
(1) If any person shall cut down, deaden, destroy or take away any tree without the consent of the owner of such tree, such person shall pay to the owner of such tree a sum equal to double the fair market value of the tree cut down... together with the reasonable cost of reforestation ... To establish a right... to recover under the provisions of this subsection, the owner shall only be required to show that such timber belonged *342 to such owner, and that such timber was cut down ... by the defendant... without the consent of the owner.
Miss.Code Ann. § 95-5-10(1) (Rev.1994). The plain language of the statute is that the person injured is the owner of the property from which the trees were cut. It is not disputed that the timber was harvested before the property was deeded to the McGraws. The contract of purchase and sale gave the McGraws rights but not ownership.
¶ 7. The simple question then is whether the rights of the owner can be assigned, either explicitly or automatically as one aspect of title when the deed is executed. Both the deed to fee simple title and a later assignment of the cause of action occurred after the trees were cut. By statute, "any chose in action or any interest therein, after suit has been filed thereon, may be sold or assigned the same as other property, whether such cause of action or any interest therein was heretofore assignable under the laws of this state or not." Miss.Code Ann. § 11-7-7 (1972). Further, an "assignee of a chose in action may sue for and recover on the same in his own name, if the assignment be in writing." Miss.Code Ann. § 11-7-3 (1972). The right to sue for trespass to property is assignable to a subsequent purchaser of property, such that the grantee has the same rights as the prior owner. J.H. Leavenworth & Son v. Hunter, 150 Miss. 245, 116 So. 593, 596 (1928). Absent some other doctrine, the McGraws could bring suit for the claim originally possessed by the railroad.
¶ 8. Flowers raises what he considers a bar to the assignability of this claim. Under the doctrine of "prior trespass," the deed to land does not implicitly convey any right of action for trespasses or property damage that occurred prior to the transaction. Donald v. Amoco Production Co., 735 So.2d 161, 169 (Miss. 1999), citing Henritzy v. Harrison County, 180 Miss. 675, 178 So. 322, 326 (1938). As we will explain, though, the prior trespass doctrine just creates a presumption, perhaps irrebuttable, that a cause of action for a prior trespass is not assigned with the deed to real property unless the deed so states. It does not in anyway block an explicit assignment.
¶ 9. What is important about the doctrine is that "the right of action for such trespass does not pass as an incident of the deed." Leavenworth v. Hunter, 150 Miss. 750, 117 So. 122, 123 (1928), cited in Henritzy, 178 So. at 326. That is because the price paid by the purchaser should reflect the condition of the property at the time of the purchase and no harm to the purchaser by the prior trespass would have occurred. However, the trespass action can be explicitly assigned by the seller of land and the assignment is valid. Blodgett v. Seals, 78 Miss. 522, 29 So. 852 (1901), cited in Henritzy, 178 So. at 326. There is no doctrine that the right to bring suit for trespass damages is lost with the conveyance of the property. Therefore, if the seller of the land may still bring the suit, especially since the price received for the property logically has been reduced because of the damages, then that chose in action can be assigned to someone elseincluding the buyer.
¶ 10. Here, Illinois Central's willingness to assign its claim may in part have arisen from the fact that the contract of purchase and sale seems to have been entered without any knowledge of the timber cutting. The price would have been a pre-trespass figure. If so, then the actual damages were suffered by the buyer and not the seller. Regardless, the claim was validly assigned.

*343 II. Joinder

¶ 11. In the chancery court's July 20, 2000 opinion it found that Flowers was liable either to the plaintiffs or to Illinois Central, and that equity required the joinder of Illinois Central as a necessary party. Flowers argues that this was error because the chancery court, by requiring joinder of Illinois Central and by accepting as valid the Illinois Central's assignment of rights, decided the case based on issues not put forth in the pleadings.
¶ 12. Compulsory joinder of parties is covered by Rule 19 of the Mississippi Rules of Civil Procedure. That rule provides:
(a) Persons to Be Joined if Feasible. A person who is subject to the jurisdiction of the court shall be joined as a party in the action if:
(1) in his absence complete relief cannot be accorded among those already parties, or
(2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.
If he has not been so joined, the court shall order that he be made a party....
¶ 13. The Court under the last quoted sentence of this rule can notice the absence of a necessary party and order the joinder. Therefore, no error in ordering joinder occurred. When the McGraws responded to that order by instead obtaining the assignment of rights, the need for joinder disappeared. The chancellor recognized the change in circumstances and entered final judgment.
¶ 14. The chancellor with permissible initiative properly responded to issues that the facts of the case presented. We find no error.
¶ 15. THE JUDGMENT OF THE CHANCERY COURT OF JONES COUNTY IS AFFIRMED. STATUTORY DAMAGES AND INTEREST ARE AWARDED. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., concur.