# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2009-CA-01988-SCT

*THE ESTATE OF ELLEN POPE, BY AND
THROUGH JAMES PAYNE, INDIVIDUALLY AND
AS THE PERSONAL REPRESENTATIVE FOR
THE USE AND BENEFIT OF THE ESTATE OF
ELLEN POPE, AND ON BEHALF OF AND FOR
THE USE AND BENEFIT OF THE WRONGFUL
DEATH BENEFICIARIES OF ELLEN POPE*

*v.*

*DELTA HEALTH GROUP, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/09/2009 |
| TRIAL JUDGE: | HON. ALBERT B. SMITH, III |
| COURT FROM WHICH APPEALED: | BOLIVAR COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ANTHONY LANCE REINS |
| | MARY JANE PERRY |
| ATTORNEYS FOR APPELLEE: | LYNDA CLOWER CARTER |
| | NICOLE COLLINS HUFFMAN |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 03/10/2011 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, C.J., DICKINSON, P.J., AND KITCHENS, J.**

**KITCHENS, JUSTICE, FOR THE COURT:**

¶1.     In this wrongful death, medical negligence action, the Court is asked to determine whether the general saving statute of Mississippi Code Section 15-1-69 applies when the original suit was dismissed for lack of standing.  Because the original complaint was

dismissed with prejudice, and no appeal was taken from that dismissal, we do not reach this issue, and affirm the trial court's judgment in favor of the defendant.

## Facts and Procedural History

¶2.     Ellen Pope died on January 12, 2004, while a resident of the Shelby Nursing and Rehabilitation Center ("Shelby"). Her great-nephew, James Payne, filed a wrongful death suit on August 25, 2004, against Shelby, Delta Heath Group, Inc., Pensacola Health Group, Inc., and a number of individuals. Payne filed the suit as the personal representative of his great-aunt and in his individual capacity as a wrongful death beneficiary. However, as a great-nephew, Payne was not a wrongful death beneficiary as contemplated by the wrongful death statute. Miss. Code Ann. § 11-7-13 (Rev. 2004). Moreover, when Payne filed the suit, he had not yet been appointed administrator of his great-aunt's estate. Payne was not appointed administrator until seven and a half months after filing the wrongful death action.

¶3.     On October 6, 2006, the defendants filed a motion to dismiss, or in the alternative, for summary judgment, arguing that Payne lacked standing to bring the suit. Payne responded by filing a motion to substitute himself as administrator of his great-aunt's estate under Mississippi Rule of Civil Procedure 17(a). The trial court granted Payne's motion to substitute and denied the defendants' motion to dismiss.

¶4.     This Court granted the defendants' petition for interlocutory appeal. ***Delta Health Group, Inc. v. Estate of Pope***, 995 So. 2d 123 (Miss. 2008). We reversed the trial judge's denial of the defendants' motion to dismiss, finding that, because Payne had not been appointed administrator of his great-aunt's estate at the time he filed the lawsuit, and, because he was not a wrongful death beneficiary as defined by Mississippi Code Section 11-

2

7-13, he lacked standing. *Id.* at 125-26. The decision did not indicate whether the dismissal should have been with or without prejudice, but it remanded the case to the trial court "for entry of an order consistent with this opinion." *Id.* at 126.

¶5.     On remand, the trial judge dismissed the case with prejudice and entered a final judgment in favor of the defendants. The order was entered on October 28, 2008. The plaintiff did not appeal from that order.

¶6.     One June 29, 2009, Payne attempted to revive the wrongful death action by filing another complaint. The only material difference between this second complaint and the original complaint was that Payne did not sue Shelby or the original individual defendants. Payne instead sued two named entities, Delta Health Group, Inc. ("Delta"), and Pensacola Health Trust, Inc. ("Pensacola"), and ten unnamed entities.

¶7.     Delta immediately filed a motion to dismiss, arguing that the case previously had been dismissed with prejudice and that the statute of limitations had expired. After the plaintiff's response had been filed, Pensacola filed a motion to dismiss for deficient service of process. In the alternative, Pensacola moved to join Delta's motion.

¶8.     A hearing on the motions to dismiss was held on October 14, 2009. At the conclusion of the hearing, the trial judge requested additional briefing on Delta's motion to dismiss. Regarding the issue of service of process raised by Pensacola, the trial judge agreed to allow the plaintiff an additional sixty days in which to serve Pensacola.

¶9.     On November 9, 2009, the trial judge entered an order granting Delta's motion to dismiss. The judge found that the general saving statute did not apply because the original action was not "duly commenced" and because the case had been dismissed previously with

3

prejudice. The order never mentioned Pensacola, and the parties concede that Pensacola is not a party to this appeal because it never was served properly with the complaint. *See Stanley v. Allstate Ins. Co.*, 465 So. 2d 1023 (Miss. 1985) (holding that, until served, a named defendant in a complaint does not become a party for purposes of final, appealable judgments under Mississippi Rule of Civil Procedure 54(b)).

**Discussion**

¶10. In dismissing the second complaint, the trial judge relied, in part, on the fact that the original complaint had been dismissed with prejudice. The dismissal with prejudice of the original complaint, whether right or wrong, remained unchallenged because the plaintiff never appealed from that order. Although the parties do not address this issue on appeal, the argument was raised below and the trial court clearly relied on the original complaint's dismissal with prejudice in his ruling.

¶11. A dismissal with prejudice "bar[s] the right to bring or maintain an action on the same claim or cause." *Rayner v. Raytheon*, 858 So. 2d 132, 134 (Miss. 2003) (quoting *Pulley v. Chicago, R.I. & P.R.*, 122 Kan. 269, 251 P. 1100 (1927)). Thus, the plaintiff was barred from bringing a subsequent action after the original complaint was dismissed with prejudice. On appeal, the plaintiff cites case law holding that dismissal for lack of standing is a dismissal based on form rather than substance, and thus, the general saving statute should apply. Miss. Code Ann. § 15-1-69 (Rev. 2003) (allowing a plaintiff to refile an action within one year of dismissal if the dismissal was, *inter alia*, "a matter of form"). However, this argument should have been made via an appeal from the dismissal of the original suit. In

4

order to file a second complaint, the plaintiff would have had to challenge the dismissal. Because no attack was made, any and all further actions were procedurally barred.

## Conclusion

¶12.   The trial judge was correct in finding that the dismissal with prejudice of the original suit barred any further litigation of any or all of the same claims.  Accordingly, we affirm the judgment of dismissal in favor of the defendant.

¶13.   **AFFIRMED.**

**WALLER, C.J., CARLSON AND DICKINSON, P.JJ., RANDOLPH, LAMAR, CHANDLER AND PIERCE JJ., CONCUR.  KING, J., NOT PARTICIPATING.**