NOT DESIGNATED FOR PUBLICATION

No. 124,173

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MARY D. WURSTER,
*Appellant*,

v.

HOMEVESTORS OF AMERICA, INC., PRIDE PROPERTIES, LLC,
and MARCUS P. BRAY,
*Appellees*.

MEMORANDUM OPINION

Appeal from Johnson District Court; RHONDA K. MASON, judge. Opinion filed March 25, 2022.
Affirmed.

*Lauren E. McCluskey* and *Vincent F. O'Flaherty*, of Law Offices of Vincent F. O'Flaherty,
Attorney, LLC, of Kansas City, Missouri, for appellant.

*Ross A. Boden*, of Sandberg Phoenix & von Gontard P.C., of Kansas City, Missouri, and *Phillip
C. Graham*, pro hac vice, of the same firm, of St. Louis, Missouri, for appellee HomeVestors of America,
Inc.

*Jonathan Sternberg*, of Jonathan Sternberg, Attorney, P.C., of Kansas City, Missouri, for
appellees Pride Properties LLC and Marcus P. Bray.

Before ISHERWOOD, P.J., GREEN and BRUNS, JJ.

PER CURIAM: This appeal arises out of the district court's order denying a motion
for leave to file an amended petition filed by Mary D. Wurster more than nine months
after this case had been dismissed with prejudice. Before filing her motion, Wurster made

1

no attempt to appeal the dismissal with prejudice or to set aside the journal entry. Yet she contends on appeal that the district court erred in denying her motion to amend. Because the dismissal with prejudice was a final judgment, we conclude that the district court did not abuse its discretion in denying Wurster's motion to amend.

FACTS

The parties are familiar with the facts, and it is unnecessary to repeat them in this opinion. Rather, we will summarize the procedural history and focus on those facts material to the limited issue presented on appeal. As needed, we will address additional facts in the analysis portion of our opinion.

On August 15, 2019, Wurster filed a petition for breach of contract against HomeVestors of America, Inc., Pride Properties, LLC, and Marcus P. Bray relating to the sale of residential property. In response, Pride Properties and Bray filed a joint answer and counterclaim. HomeVestors—which is a Texas corporation—filed a limited entry of appearance, a motion to dismiss for lack of personal jurisdiction, and a motion to stay discovery. Wurster subsequently responded to the counterclaim and the motions filed by HomeVestors.

On December 5, 2019, Wurster, Pride Properties, and Bray filed a joint motion for mutual dismissal with prejudice. In the motion, the movants requested that the district court enter "an Order dismissing all pending claims against all parties in [this] action with prejudice." In the motion, it was represented that HomeVestors had appeared in the case "solely for the purpose of disputing personal jurisdiction" and did not object to the dismissal.

On the following morning, the district court judge's administrative assistant emailed the attorney who was representing Wurster at the time, asking: "Will this take

care of the entire case?" In response, Wurster's attorney stated: "Yes, it will. The Joint Motion is filed by Ms. Wurster and Mr. Bray/Pride Properties, both of whom had claims against each other. HomeVestors (who did not have any separate claims) merely signed [the] proposed Order as without objection." That afternoon, the journal entry of dismissal with prejudice was filed with the clerk of the district court.

The journal entry of dismissal with prejudice expressly stated:

"The Court, being duly advised in the premises and for good cause shown, hereby dismisses the above-captioned matter, including *all claims* filed therein against *all parties with prejudice*. Each party shall bear its own costs and attorney fees." (Emphases added.)

More than nine months later, on September 10, 2020, Wurster filed a motion for leave to file an amended petition. By that time, Wurster's initial attorney had withdrawn and her current counsel had replaced her. Besides seeking to assert new consumer protection and fraud claims for the first time against both HomeVestors and Bray, Wurster also sought to add the Mary D. Wurster Trust as a plaintiff. However, the Trust was not a party to the contracts that Wurster claimed were breached in her original petition.

On April 29, 2021, the district court denied Wurster's motion for leave to file an amended petition. In the order, the district court explained:

"On December 5, 2019 a Joint Motion for Mutual Dismissal with Prejudice against all Defendants was filed. The Court granted the motion and filed a Journal Entry of Dismissal with Prejudice the same day. Pursuant to K.S.A. 60-259(b) and (t) no post-trial motions or motions to set aside the journal entry were filed. As such, this Court lacks jurisdiction to revive [Wurster's] claims and therefore **DENIES** [Wurster's] Motion for Leave to File First Amended Petition."

Thereafter, Wurster filed a timely notice of appeal.

3

The sole issue presented by Wurster on appeal is whether the district court erred as a matter of law in denying her motion for leave to amend her petition nine months after this action was dismissed with prejudice. We review the district court's denial of a motion to amend petition under K.S.A. 60-215 for abuse of discretion standard. See *Adamson v. Bicknell*, 295 Kan. 879, 887, 287 P.3d 274 (2012). An abuse of discretion occurs only if "(1) no reasonable person would take the view adopted by the trial judge; (2) the ruling is based on an error of law; or (3) substantial competent evidence does not support a finding of fact on which the exercise of discretion was made." *Wiles v. American Family Life Assurance Co.*, 302 Kan. 66, 74, 350 P.3d 1071 (2015).

Although K.S.A. 2020 Supp. 60-215(a)(2) provides that a district court should "freely give leave [to amend] when justice so requires," both the Kansas Supreme Court and this court have held that denial of a motion to amend petition under K.S.A. 60-215 was proper when a plaintiff moves to amend after the entry of judgment. See *Kinell v. N.W. Dible Co.*, 240 Kan. 439, 444, 731 P.2d 245 (1987); *Moody Investments, Inc. v. Baldwin*, 12 Kan. App. 2d 686, 694, 754 P.2d 810 (1988). For example, in *Moody Investments*, the panel affirmed the denial of a defendant's first motion to amend answer that was not filed until after the district court had granted summary judgment in favor of the plaintiff. 12 Kan. App. 2d at 693-94. In doing so, the panel found that "[g]iven the failure of counsel to raise the issue or move for amendment before entry of summary judgment, the trial court did not abuse its discretion." 12 Kan. App. 2d at 694.

Similarly, in construing the Federal Rules of Civil Procedure, the United States Court of Appeals for the Tenth Circuit has found—in a case arising out of the United States District Court for the District of Kansas—that it is not an abuse of discretion to deny a motion to amend "after the district court had properly dismissed plaintiff's original causes of action." *Pruitt v. Simmons*, No. 96-3285, 1997 WL 689509, at *2 (10th Cir.

1997) (unpublished opinion), citing *Cannon v. City & County of Denver*, 998 F.2d 867, 879 (10th Cir. 1993) (no abuse of discretion to deny motion to amend pleadings after final judgment has been entered); *Durham v. Xerox Corp.*, 18 F.3d 836, 840-41 (10th Cir. 1994) (untimeliness alone is sufficient reason to deny motion to amend). Likewise, the Ninth Circuit Court of Appeals has held that "after final judgment has been entered, a [motion to amend] may be considered only if the judgment is first reopened under Rule 59 or 60." *Lindauer v. Rogers*, 91 F.3d 1355, 1356 (9th Cir. 1996). Here, it is undisputed that Wurster never appealed or moved to reopen this case prior to moving for leave to file first amended petition.

"A judgment is the final determination of the parties' rights in an action." K.S.A. 2020 Supp. 60-254(a). Likewise, a dismissal of a lawsuit "with prejudice" is a final judgment on the merits. *Honeycutt v. City of Wichita*, 251 Kan. 451, 458, 836 P.2d 1128 (1992); see also *Boydston v. Kansas Board of Regents*, 242 Kan. 94, 101, 744 P.2d 806 (1987) (a dismissal with prejudice is a final action); *Pulley v. Chicago, R.I. & P. Ry. Co.*, 122 Kan. 269, 270, 251 P. 1100 (1927) (dismissal with prejudice has been held to be an adjudication on the merits of the case). Consequently, we find that the judgment in this case became final when it was dismissed with prejudice by the district court.

In an attempt to resurrect her case, Wurster argues that the journal entry of dismissal with prejudice should be treated as a stipulation of dismissal under K.S.A. 2020 Supp. 60-241(a)(1)(A)(ii). Similarly, "the interpretation of a journal entry, like the interpretation of all written instruments, presents a question of law over which an appellate court exercises de novo, or unlimited, review." *Einsel v. Einsel*, 304 Kan. 567, Syl. ¶ 2, 374 P.3d 612 (2016). Here, the plain and unambiguous language used in the journal entry filed by the district court on December 6, 2019, provides that "[t]he Court . . . hereby dismisses the above-captioned matter, including *all claims* filed therein against *all parties* with prejudice." (Emphases added.) As a result, we conclude as a

5

matter of law that the journal entry served as a final judgment as to all of the named parties.

Wurster's argument disregards the plain and unambiguous language of the joint motion for mutual dismissal with prejudice. In the motion, the district court was asked "for an Order" to dismiss this action with prejudice. Moreover, there is nothing in either the motion or the order to suggest that the parties intended to enter into a stipulation of dismissal without court order as contemplated by K.S.A. 2020 Supp. 60-241(a)(1)(A)(ii).

We also find it significant that Wurster's then counsel represented to the administrative assistant for the district court judge that the proposed order would take care of the entire case. Given such a representation, we find that "[j]udicial estoppel precludes a party from taking one position in a case to induce the court to act in a certain way and then taking a contrary or conflicting position in a related proceeding involving the same opposing parties." *Estate of Belden v. Brown City*, 46 Kan. App. 2d 247, 262, 261 P.3d 943 (2011). For these reasons, Wurster's argument that "the December 6, 2019, Journal Entry of Dismissal did not end the action" is not persuasive.

In summary, based on the plain and unambiguous language used in the journal entry of dismissal with prejudice, we find that the dismissal of this case was accomplished "by court order" under K.S.A. 2020 Supp. 60-241(a)(2). Likewise, we find that the journal entry of dismissal with prejudice became a final judgment when it was "signed by the judge and filed with the clerk." K.S.A. 2020 Supp. 60-258. As a result, as set forth in K.S.A. 2020 Supp. 60-2103(a), the time period for filing a notice of appeal began. In addition, the time for filing a motion to alter or amend judgment under K.S.A. 2020 Supp. 60-259(f) or to seek relief from the judgment under K.S.A. 2020 Supp. 60-260(b) also started to run. Despite these deadlines, Wurster neither filed an appeal nor otherwise sought to obtain relief from the final judgment.

6

Under these circumstances, we conclude that the district court did not abuse its discretion in denying Wurster's motion for leave to file an amended petition.

Affirmed.