# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2024-CA-00277-SCT

*FEDERAL NATIONAL MORTGAGE ASSOCIATION*

*v.*

*RON CARBO*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/06/2024 |
| TRIAL JUDGE: | HON. ELEANOR JOHNSON PETERSON |
| TRIAL COURT ATTORNEYS: | ERIC CHRISTOPHER MILLER |
| | PETER LAWRENCE LUBLIN |
| | AMANDA McGREGOR BECKETT |
| | CODY WILLIAM GIBSON |
| | CORY PATRICK SIMS |
| | TRENT L. WALKER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | PETER LAWRENCE LUBLIN |
| | AMANDA McGREGOR BECKETT |
| ATTORNEY FOR APPELLEE: | CODY WILLIAM GIBSON |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | AFFIRMED - 06/12/2025 |
| MOTION FOR REHEARING FILED: | |

**BEFORE COLEMAN, P.J., CHAMBERLIN AND GRIFFIS, JJ.**

**COLEMAN, PRESIDING JUSTICE, FOR THE COURT:**

¶1. A mortgage-holder foreclosed on Ron Carbo's home after he defaulted on the conditions of his mortgage note and deed of trust. After purchasing the home in a foreclosure sale, Federal National Mortgage Association filed suit in 2010 to evict Carbo and for back rent in the Hinds County County Court. The Association sold the property in 2012, and the current owner is Mariners Pac Ventures, LLC. In 2020, the Association attempted

to substitute Mariners as plaintiff, but the county court denied the motion. The county court then granted Carbo's motion to dismiss, citing the Association's lack of standing. The Association appealed to the Hinds County Circuit Court, which affirmed the county court's judgments. The Association then appealed. Finding no error, we affirm the judgments of the county and circuit courts.

**FACTS**

¶2. After Carbo defaulted on the terms and conditions of a mortgage note and deed of trust on his home, the mortgage-holder foreclosed on the property. Carbo, however, failed to vacate, and on June 21, 2010, the Association purchased the property at a foreclosure sale. The Association obtained a Substitute Trustee's Deed.

¶3. On July 30, 2010, the Association filed an eviction complaint against Carbo, alleging that Carbo failed to vacate the premises after a foreclosure of the mortgage lien. Carbo answered the complaint on December 8, 2010, and asserted multiple counterclaims. The county court dismissed Carbo's counterclaims on December 17, 2014, for failure to prosecute, failure to respond to discovery requests, and failure to comply with court orders.

¶4. The Association later sold the property to Ally Bank via a quitclaim deed on January 27, 2012, which was properly recorded. After selling the property, the Association filed a second lawsuit in the County Court of the Second Judicial District of Hinds County against Carbo for possession and back rent on May 22, 2015. The lawsuit was dismissed with prejudice on December 30, 2015, by an agreed order between the parties due to the

2

Association's lack of standing since the Association sold the property in January 2012, terminating all of its rights and interest in the property.

¶5. On May 24, 2017, Ally Bank sold the property to ResCap Securities Holdings, Co. (ResCap), via quitclaim deed, which was also properly recorded. Then, in February 2018, ResCap sold the property to the current owner, Mariners, via quitclaim deed, which was also properly recorded. Mariners brought three lawsuits against Carbo in Hinds County Chancery Court seeking eviction and back rent, filed May 3, 2018, October 23, 2018, and April 9, 2019. All three lawsuits were dismissed without prejudice for "procedural issues, duplicative of actions, and other things."

¶6. Nearly ten years after the Association filed its initial lawsuit (current lawsuit), the Association filed its first motion to substitute Mariners as plaintiff on May 18, 2020. After venue was transferred to the County Court of the Second Judicial District of Hinds County, the Association renewed its motion to substitute parties, which sought to have Mariners, as the current interest holder of the property, substituted as the plaintiff in the current lawsuit. Carbo opposed the motion, however, arguing that it was untimely and that the Association had filed duplicate lawsuits.

¶7. At the hearing on the Association's motion to substitute, the county court noted it was more reasonable to continue with the named plaintiff when the matter was filed, the Association. Thus, the county court found the Association's motion "not well-taken" and denied it.

3

¶8. Carbo then filed a motion to dismiss, arguing that the Association lacked standing because it retained no interest in the property since it no longer owned it. At the hearing on Carbo's motion to dismiss, the county court again considered the issue of mootness and the previous identical lawsuits. The county court granted Carbo's motion to dismiss, dismissing both the Association as a party and the lawsuit.

¶9. The Association appealed the county court's denial of its motion to substitute parties and the county court's granting of Carbo's motion to dismiss to the Circuit Court of the Second Judicial District of Hinds County. The circuit court affirmed both of the county court's judgments. It found that the county court "applied the proper legal standard and its decision was reasonable in light of the facts and procedural history of this case." Specifically, it concluded that allowing the original plaintiff, the Association, to continue as the plaintiff was reasonable and proper and that *res judicata* barred the Association's claims. The Association subsequently filed the current appeal.

¶10. Carbo responded by filing another motion to dismiss in our Court, arguing: (1) that the Association lacks standing since it no longer owns the property and (2) that the lawsuit is moot. We deny Carbo's motion to dismiss, and we conclude that the Association has standing to appeal the county and circuit court's judgments since the appeal involves the denial of the Association's motion to substitute the current property owners, Mariners. Indeed, a ruling on the merits of the motion to substitute would be a benefit to the Association and would not be a detriment to Carbo, rendering the lawsuit not moot. ***Gamma***

4

*Healthcare Inc. v. Est. of Grantham*, 334 So. 3d 85, 87 (¶ 2) (Miss. 2022). Below, we will address each claim.

## STANDARD OF REVIEW

¶11. Determining whether to grant or deny a motion to substitute is generally discretionary. *Citizens Nat'l Bank, LLC v. Dixieland Forest Prods., LLC*, 935 So. 2d 1004, 1008 (¶ 13) (Miss. 2006). When our Court reviews a decision that is within the trial court's discretion, we first ask whether the trial court applied the correct legal standard. *Id.* If it did, we then consider "whether the decision was one of several reasonable ones which could have been made." *Id.* (internal quotation mark omitted) (quoting *Amiker v. Drugs For Less, Inc.*, 796 So. 2d 942, 948 (Miss. 2000)). Our Court will affirm the trial court's decision "unless there is a 'definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon weighing the relevant factors.'" *Id.* (quoting *Amiker*, 796 So. 2d at 948 (¶ 24)). When reviewing a trial court's grant or denial of a motion to dismiss, we apply a *de novo* standard of review. *Sweet Valley Missionary Baptist Church v. Alfa Ins. Corp.*, 124 So. 3d 643, 645 (¶ 6) (Miss. 2013). We review questions of law, including whether to apply res judicata, *de novo*. *Hinton v. Rolison*, 175 So. 3d 1252, 1258 (¶ 18) (Miss. 2015).

## DISCUSSION

I.      **Whether the county court erred by denying the Association's motion to substitute and whether the circuit court erred by affirming the county court's decision.**

5

¶12. The Association argues that the county court improperly denied its motion to substitute Mariners as plaintiffs since Mariners is the current property owner. It further claims that the circuit court erred by affirming the county court's denial of its motion to substitute. In support of its argument, the Association cites *Citizens* for the proposition that because it was the property owner when it properly filed the current suit pursuant to Mississippi Rules of Civil Procedure 17 and because Mariners is now the only property owner with interest in the suit, allowing Mariners to continue its suit against Carbo under Mississippi Rules of Civil Procedure 25(c) is mandatory rather than permissive. *Citizens Nat'l Bank, LLC*, 935 So. 2d at 1013-14 (¶¶ 37-39). Thus, the Association requests our Court to reverse the judgments of the county and circuit courts.

¶13. Carbo counters that the county and circuit courts did not err by denying the Association's motion to substitute. He claims that Mariners did not obtain rights to the lawsuit because the deed merely conveyed title to the property, not the rights to the Association's lawsuit. Carbo also argues that the Association is the only party that may participate in the litigation and that Mariners is not litigating in the name of the Association. Lastly, relying on *Flowers v. McCraw*, 792 So. 2d 339, 342 (¶ 9) (Miss. Ct. App. 2001), he provides that under the doctrine of prior trespass, a land deed does not implicitly convey any right of action for trespasses or property damage that occurred prior to the transaction.

¶14. Mississippi Rule of Civil Procedure 17 states: "[e]very action shall be prosecuted in the name of the real party in interest." *Citizens Nat'l Bank, LLC*, 935 So. 2d at 1013 (¶ 37) (internal quotation marks omitted) (quoting Miss. R. Civ. P. 17). Mississippi Rule of Civil

6

Procedure 25(c) provides: "[i]n a case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party." *Id.* (internal quotation marks omitted) (quoting Miss. R. Civ. P. 25(c)).

¶15.    Rule 25 is typically utilized when a party to an action dies.  "[U]pon the death of one party, a 'motion for substitution' must be made 'within ninety days after the death is suggested' or 'the action shall be dismissed without prejudice.'" *Burch v. Ill. Cent. R.R. Co.*, 136 So. 3d 1063, 1066-67 (¶ 8) (Miss. 2014) (quoting Miss. R. Civ. P. 25(a)(1)).  However, the court may allow a party to file a motion to substitute after the ninety-day period if the party can show their failure to act was a result of excusable neglect. *Id.* at 1067 (quoting Miss. R. Civ. P. 25(a)(1) advisory comm. n.).

¶16.    In *Citizens*, the plaintiffs filed a lawsuit against the defendant bank, and the bank filed counterclaims for debts owed to it by the plaintiffs and a third party. *Citizens Nat'l Bank, LLC*, 935 So. 2d at 1006 (¶¶ 2-3).  The court granted the bank a monetary judgment. *Id.* (¶ 5).  After the plaintiffs failed to pay the judgment to the bank, the causes of action were sold to the bank, as the highest bidder, at an auction. *Id.* (¶ 7).  Then, in the lender liability suit that it had purchased, the bank filed a motion to substitute itself as the party plaintiff and to have the suit dismissed. *Id.* (¶ 10).  The trial court denied the bank's motion to substitute. *Id.*

¶17.    On appeal, the *Citizens* Court held that the trial court abused its discretion by refusing to substitute the bank as plaintiff since the bank was the owner of the claims and the only remaining party in interest. *Id.* at 1013-14 (¶ 38).  It noted that Rule 25(c) transfers are

7

generally permissive, but it again relayed that the bank was the only party with any interest in the litigation, insinuating that such a transfer was mandatory. *Id.* at 1013 (¶ 38).

¶18.	In *Henderson v. Copper Ridge Homes, LLC*, the Hendersons entered into a contract with Copper Ridge for the construction of a new home, then they contracted with First Bank to finance its construction. *Henderson v. Copper Ridge Homes, LLC*, 273 So. 3d 750, 752 (¶ 5) (Miss. 2019). The Hendersons filed a complaint against Copper Ridge and First Bank for breach-of-contract and tort claims. *Id.* (¶ 9). The Hendersons then opted not to make their promissory note payment. *Id.* As such, in its answer to the Hendersons' complaint, First Bank included a counterclaim for judicial foreclosure. *Id.* At a hearing for summary judgment on the judicial foreclosure, the trial court found the Hendersons failed to produce sufficient evidence to rebut the foreclosure, so it granted First Bank's motion for an order of judicial foreclosure. *Id.* at 752-53 (¶ 10).

¶19.	The Hendersons sought to amend their complaint to add a claim for wrongful foreclosure, and Copper Ridge and First Bank filed motions for summary judgment. *Id.* at 753 (¶ 11). The trial court denied the Hendersons' leave to amend and granted Copper Ridge's and First Bank's motions for summary judgment, "finding that the claims arising out of the allegedly faulty construction of the house traveled with the title to the property." *Id.* The trial court concluded that the Hendersons lost their right to seek damages since they no longer owned any interest in the home or land due to the foreclosure. *Id.* The Hendersons appealed. *Id.* (¶ 12).

8

¶20.    On appeal, our Court reversed the trial court's dismissal of the Hendersons' claims, holding that:

> The deed of trust specifically conveys only the property identified in the deed of trust in the event of foreclosure. It did not convey the Hendersons' contractual or common-law rights related to either the promissory note or its separate contract with Copper Ridge. Therefore, the Court holds that the trial court erred in finding that the Hendersons' claims traveled with the title to the property upon foreclosure. Accordingly, we reverse the grant of summary judgment to Copper Ridge and First Bank.

*Id.* at 755 (¶ 26) (footnote omitted).

¶21.    In reversing, the *Henderson* Court concluded that the case was not analogous to *Citizens* because the bank in *Citizens* did not foreclose, rather the bank purchased the claims in order to satisfy a debt. *Id.* (¶ 24) (citing *Citizens Nat'l Bank, LLC*, 935 So. 2d at 1008 (¶ 7)).   The *Henderson* Court noted that, in their case, First Bank did not assert that it had purchased the Hendersons' claims to satisfy any remaining deficiency on a judgment; instead, "it suggested that the claims traveled with the title to the property by virtue of the foreclosure or that the Hendersons had lost their rights and the bank should be substituted as the real party in interest." *Id.* (¶ 25).  Further, the deed of trust conveyed solely the property identified in the deed in the event of foreclosure, not the Hendersons' rights. *Id.* (¶ 26).

¶22.    Further, our Court has held that without an explicit conveyance of a cause of action, we "presume that no such conveyance occurred." *Russell Real Prop. Servs., LLC v. State ex rel. Hosemann*, 200 So. 3d 426, 430 (¶ 9) (Miss. 2016) (citing *Flowers*, 792 So. 2d at 342 (¶¶ 7-9)).  Specifically, "[u]nder the doctrine of 'prior trespass,' the deed to land does not implicitly convey any right of action for trespasses or property damage that occurred prior

9

to the transaction." ***Id.*** (internal quotation marks omitted) (quoting ***Flowers***, 792 So. 2d at 342 (¶ 9)). In ***Russell***, "the quitclaim deed [that transferred] the property to Russell . . . did not contain language conveying a transfer of a cause of action[,]" and, although the presumption is rebuttable, Russell failed to provide "evidence that the cause of action owned by the Ellis Trust was ever assigned or sold to Russell . . ." ***Id.*** at 429-30 (¶ 9).

¶23.     In light of the above case law and the rules of civil procedure, we hold that the county court properly denied the Association's motion to substitute Mariners as plaintiff, and the circuit court properly affirmed the county court's denial. Neither party disputes that the Association was the real party in interest when it filed suit against Carbo. Miss. R. Civ. P. 17. Additionally, the plain language of Mississippi Rule of Civil Procedure 25(c) conveys that it is proper for an action to be continued by or against the original party when there is a transfer of interest, unless the court directs the new party to be substituted or joined. Miss. R. Civ. P. 25(c). After Mariners received interest in the property, the county court did not direct Mariners to be added to or substituted in the lawsuit. As such, under Rule 25(c), it was permissible for the county court to allow the original plaintiff, the Association, to continue its suit against Carbo.

¶24.     We conclude that ***Henderson*** is more applicable to the lawsuit *sub judice* than ***Citizens***. ***Henderson***, 273 So. 3d at 755 (¶ 24) (citing ***Citizens Nat'l Bank, LLC***, 935 So. 2d at 1008 (¶ 7)). Here, as in ***Henderson***, Mariners did not purchase the Association's lawsuit but, rather, Mariners simply purchased the property. ***Id.*** Thus, the ***Henderson*** Court's holding favors the county court's decision to deny the Association's motion to substitute

10

since the Association's lawsuit did not travel with the property, and the quitclaim deed did not explicitly convey the suit to Mariners, meaning that the Association retained its interest in the suit. *Henderson*, 273 So. 3d at 755 (¶ 26); *Russell Real Prop. Servs., LLC*, 200 So. 3d at 430 (¶ 9) (citing *Flowers*, 792 So. 2d at 342 (¶¶ 7-9)).

¶25. Similarly, because the quitclaim deed lacked language conveying a transfer of the Association's cause of action to Mariners, the Association was required to rebut the presumption by providing evidence that the suit was assigned or sold to Mariners. *Russell Real Prop. Servs., LLC*, 200 So. 3d at 429-30 (¶ 9). It failed to do so.

¶26. Last, although the event that severed the Association's interest was not a death but the sale of the property, we hold that the Association and Mariners failed to timely file a motion to substitute within ninety days of Mariners' acquisition of the property. *Burch*, 136 So. 3d at (¶ 8) (quoting Miss. R. Civ. P. 25(a)(1); Miss. R. Civ. P. 25(a)(1) advisory comm. n.). Mariners waited nearly three years after acquiring the property to attempt to substitute into the lawsuit, and it failed to show that the untimeliness resulted from excusable neglect. *Id.*

¶27. As there is not "a definite and firm conviction" that the county court committed a clear error of judgment by denying the Association's motion to substitute after weighing the relevant factors, we affirm the county court's denial of the Association's motion to substitute, as well as the circuit court's affirmance of it. *Citizens*, 935 So. 2d at 1008 (¶ 13) (internal quotation mark omitted) (quoting *Amiker*, 796 So. 2d at 948).

II. **Whether the county court erred by granting Carbo's motion to dismiss, and whether the circuit court erred by affirming the county court's decision.**

11

¶28. The Association argues that the county court improperly dismissed the action after Mariners received interest in the property. It ultimately asserts that because the county court denied its motion to substitute, it is allowed to proceed as the original party, and the transfer of interest cannot serve as a basis for dismissal. It requests that we reverse the judgments of the county and circuit courts and that we direct Mariners to be joined as a necessary party.

¶29. Carbo rebuts by claiming that the county court properly dismissed the lawsuit and that the circuit court properly affirmed the dismissal. He claims that: (1) *res judicata* applies here since the Association's 2015 lawsuit was dismissed with prejudice via agreed order, and (2) Mariners is not a necessary party.

¶30. Mississippi Rule of Civil Procedure 19(a) requires:

> A person who is subject to the jurisdiction of the court shall be joined as a party in the action if:
>
> (1) in his absence complete relief cannot be accorded among those already parties, or
>
> (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impeded his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

*TXG Intrastate Pipeline Co. v. Grossnickle*, 716 So. 2d 991, 1023 (¶ 119) (Miss. 1997) (quoting Miss. R. Civ. P. 19(a)).

¶31. As cited above, Mississippi Rule of Civil Procedure 25(c) provides: "[i]n a case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in

the action or joined with the original party." *Citizens Nat'l Bank, LLC*, 935 So. 2d at 1013 (¶ 37) (internal quotation marks omitted) (quoting Miss. R. Civ. P. 25(c)). Regarding the interplay of the Rules, when a party's interest is transferred during the pendency of a cause of action that allegedly renders the transferee an indispensable party, Mississippi Rules of Civil Procedure 19(a) and 25(c) are to be viewed together, "not as one trumping the other." *TXG Intrastate Pipeline Co.*, 716 So. 2d at 1023 (¶ 120).

¶32. In general, a dismissal with prejudice acts as an adjudication on the merits. *Rayner v. Raytheon Co.*, 858 So. 2d 132, 134 (¶ 9) (Miss. 2003). "A dismissal with prejudice 'bar[s] the right to bring *or maintain an action* on the same claim or cause.'" *Est. of Pope ex rel. Payne v. Delta Health Grp., Inc.*, 55 So. 3d 1080, 1082 (¶ 11) (Miss. 2011) (emphasis added) (quoting *Pulley v. Chicago, R.I. & P. Ry. Co.*, 122 Kan. 269, 251 P. 1100, 1101 (1927)). In *Estate of Pope*, "the plaintiff was barred from bringing a subsequent action after the original complaint was dismissed with prejudice." *Id.*

¶33. We affirm the county and circuit courts' grant of Carbo's motion to dismiss. The Association's arguments in the current section relate to its arguments in the first section, namely, that Mariners was improperly denied substitution or joinder in the lawsuit. Viewing Mississippi Rules of Civil Procedure 25(c) and 19(a) together, the county court properly denied the Association's motion to substitute Mariners as plaintiff for two reasons. First, the county court had discretion to deny the Association's motion to substitute Mariners under Mississippi Rule of Civil Procedure 25(c). *Citizens Nat'l Bank, LLC*, 935 So. 2d at 1008 (¶ 13); *TXG Intrastate Pipeline Co.*, 716 So. 2d at 1023 (¶ 117). Second, Mariners was not

13

required to be joined under Mississippi Rule of Civil Procedure 19(a) because the Association and Carbo had previously been accorded complete relief without Mariners' presence, as demonstrated by the 2015 agreed order. Miss. R. Civ. P. 19(a).

¶34. Further, after the Association filed the current lawsuit, it brought an identical lawsuit against Carbo in 2015. When it did so, the Association no longer owned the property, and the current lawsuit was still pending. To voluntarily dismiss the 2015 lawsuit, the parties filed a joint unopposed ore tenus motion, seeking dismissal of both the Association's complaint and Carbo's counterclaim. The county court granted the motion and entered an agreed order dismissing with prejudice "the Complaint and Counter Complaint and all claims that were or could have been brought in this action."

¶35. Although the current lawsuit was filed prior to the 2015 lawsuit that was dismissed with prejudice, the *Estate of Pope* Court posited that a dismissal with prejudice also bars the right to maintain an action on the same claim. *Est. of Pope*, 55 So. 3d at 1082 (¶ 11) (citing *Pulley*, 251 P. at 1101). Thus, the Association lost its right to maintain the current lawsuit when the county court dismissed its 2015 lawsuit with prejudice. *Id.* However, as Carbo notes, Mariners, as a real party in interest pursuant to Mississippi Rule of Civil Procedure 17, retains its right to file suit against Carbo for eviction and back rent. Miss. R. Civ. P. 17.

### III. Whether the county court and circuit court erred by concluding the Association's suit is barred by *res judicata*.

¶36. The Association disagrees with the circuit court's finding that *res judicata* applied. It urges our Court to reverse the county and circuit courts' judgments and remand the lawsuit.

14

¶37. Carbo counters by claiming that *res judicata* bars the Association's current lawsuit and requests our Court affirm the dismissal. He alternatively argues that judicial estoppel should apply here because Mariners has taken inconsistent positions in the lawsuit *sub judice* and in its prior lawsuit for Carbo's eviction that it filed in the Hinds County Chancery Court in 2019.

¶38. "Res judicata 'bars a second action between the same parties on the subject matter directly involved in the prior action.'" ***Clark v. Neese***, 262 So. 3d 1117, 1123 (¶ 14) (Miss. 2019) (quoting ***Harrison v. Chandler-Sampson Ins., Inc.***, 891 So. 2d 224, 232 (¶ 22) (Miss. 2005)). In Mississippi, *res judicata* will bar a claim if four identities are present and the same in both cases: "(1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity of the quality or character of a person against whom the claim is made." ***Ward Gulfport Props., L.P. v. Miss. State Highway Comm'n***, 176 So. 3d 789, 793 (¶ 10) (Miss. 2015) (quoting ***Channel v. Loyacono***, 954 So. 2d 415, 424 (Miss. 2007)).

¶39. As to the first identity, the subject matter of the action is defined as "the substance of the lawsuit." ***Clark***, 262 So. 3d at 1123 (¶ 13) (internal quotation marks omitted) (quoting ***Harrison***, 891 So. 2d at 232-33 (¶ 26)). The second "identity requires the 'cause of action' in both suits to be the same." ***Id.*** (¶ 15). We have "defined 'cause of action' as the underlying facts and circumstances upon which a claim has been brought." ***Id.*** (citing ***Hill v. Carroll Cnty.***, 17 So. 3d 1081, 1085 (¶ 13) (Miss. 2009)). For the third identity to apply under *res judicata*, the parties must be in privity with one another. ***Id.*** at 1124 (¶ 18). The

15

strict identity of the parties need not be used, so long as the parties are in privity with one another. ***Id.*** Although there is no prevailing definition of *privity*, the Court has defined it as

> a word which expresses the idea that as to certain matters and in certain circumstances persons who are not parties to an action but who are connected with it in their interests are affected by the judgment with reference to the interests involved in the action, as if they were parties. The statement that a person is bound . . . as a privy is a short method of stating that under the circumstances and for the purpose of the case at hand he is bound by . . . all or some of the rules of *res judicata* by way of merger, bar or collateral estoppel.

***Id.*** (citing ***Little v. V & G Welding Supply, Inc.***, 704 So. 2d 1336, 1339 (¶ 15) (Miss. 1997).

¶40.    As to the fourth identity, the Court has not explicitly defined it, but such "[e]xamples of this identity and its application exist, particularly where the parties are the same in the relevant actions and are acting in the same interests or capacity." ***Id.*** (¶ 21).

¶41.    If all four identities are present, a party is precluded from litigating claims in a second action that fall within the scope of the judgment of the first action. ***Hinton***, 175 So. 3d at 1258 (¶ 19).  However, if any one of the listed identities is absent, a party may not use *res judicata* as a defense.  ***Ward Gulfport Props., L.P.***, 176 So. 3d at 793 (¶ 10).  "Even if all four elements of res judicata are satisfied, the prior judgment also must be final and on the merits." ***Clark***, 262 So. 3d at 1125 (¶ 23) (citing ***Anderson v. LaVere***, 895 So. 2d 828, 832-33 (¶ 10) (Miss. 2004)).

¶42.    We agree with Carbo that the trial courts did not err by applying the principle of *res judicata*.  First, we again conclude that Mariners is not involved in the current lawsuit, and Mariners is not litigating in the name of the Association, since the county court properly denied the Association's motion to substitute Mariners as plaintiff.  Thus, the Association's

argument that privity does not retroactively bind a grantee after the grantor grants interest fails. In concluding that Mariners is not a party here, we will analyze *res judicata* as it applies solely to the Association and its two lawsuits at issue: the current lawsuit which was initiated in 2010 and its 2015 lawsuit, which was dismissed with prejudice by an agreed order.

¶43. Between the Association's current lawsuit and its 2015 lawsuit, all four *res judicata* identities are present: (1) the subject matter of each suit concerns the foreclosure of Carbo's property; (2) the causes of action are identical because the underlying facts deal with the foreclosure of the property and the fact that Carbo failed to vacate the premises; (3) the parties are identical since the Association and Carbo are the plaintiff and defendant, respectively, in each suit; and (4) the quality or character of a person against whom the claim is made is met since, as established, the Association and Carbo are identical in each action, and they each are acting in their same interests and capacities in both suits. *Clark*, 262 So. 3d at 1123-25 (¶¶ 14-23).

¶44. Last, as previously discussed, the 2015 agreed order dismissed with prejudice the Association's cause of action against Carbo. That agreed order was a final judgment on the merits. *Clark*, 262 So. 3d at 1125 (¶ 23) (citing *Anderson*, 895 So. 2d at 832-33 (¶ 10)); *Rayner*, 858 So. 2d at 134 (¶ 9); *Est. of Pope*, 55 So. 3d at 1082 (¶ 11). Because all four identities are present and because the 2015 agreed order was a final judgment on the merits, the Association is precluded from litigating the same claims here. *Hinton*, 175 So. 3d at 1258 (¶ 19). As mentioned, Carbo admits that Mariners may file its own claim, and we agree.

Because *res judicata* bars the current lawsuit, we will not address Carbo's argument that judicial estoppel applies.

## CONCLUSION

¶45.    Finding no error, we affirm the county court's denial of the Association's motion to substitute and its grant of Carbo's motion to dismiss and the circuit court's judgment affirming the same.

¶46.    **AFFIRMED.**

**RANDOLPH, C.J., KING, P.J., MAXWELL, CHAMBERLIN, ISHEE, GRIFFIS, SULLIVAN AND BRANNING, JJ., CONCUR.**