No. 84,214

IN THE MATTER OF DONALD J. FRANCIS, *Respondent*.

(4 P.3d 579)

Opinion filed April 21, 2000.

*Edwin A. Van Petten*, deputy disciplinary administrator, argued the cause and was on the formal complaint for petitioner.

*Donald J. Francis*, respondent, argued the cause pro se.

*Per Curiam*: This is an original proceeding in discipline against the respondent, Donald J. Francis, an attorney admitted to the practice of law in Kansas, whose business address is Gardner, Kansas.

The facts were stipulated to by the respondent as follows:

"1. Donald J. Francis is an attorney at law, Kansas Attorney Registration No. 16696. . . . The Respondent was admitted to the practice of law in Kansas in 1994.

"2. On May 3, 1994, Betty McSpadden was involved in a car accident. Thereafter, in February, 1996, Ms. McSpadden retained the Respondent to represent her regarding injuries she suffered in that accident. In May, 1996, the Respondent filed a civil lawsuit on behalf of Ms. McSpadden.

"3. During the course of the litigation, discovery requests were made by the defendant. The Respondent failed to comply with the discovery requests. Additionally, the Respondent failed to prosecute Ms. McSpadden's case. Eventually, based on the Respondent's failure to prosecute, Ms. McSpadden's lawsuit was dismissed on April 15, 1997.

"4. Throughout the summer months of 1998, Ms. McSpadden tried, on numerous occasions, to contact the Respondent regarding the status of the litigation. However, Ms. McSpadden's attempts proved unsuccessful.

"5. The Respondent did have one conversation with Ms. McSpadden after the case was dismissed. During that conversation, the Respondent communicated with Ms. McSpadden as though the litigation was still pending.

"6. To date, the Respondent has not notified Ms. McSpadden that the lawsuit was dismissed.

"7. The Respondent claims that, during this time period, he suffered from depression and was unable to work effectively. He failed to present clear and convincing evidence from a mental health professional regarding his present or past mental condition. However, the Respondent's assertion that he has had a prior mental condition which impaired his ability to represent Ms. McSpadden

was presented to the panel as an undisputed fact which was considered by the panel in arriving at the Conclusions of Law.

"8. The Respondent made no attempt to withdraw from the representation of Ms. McSpadden. Additionally, the Respondent failed to inform Ms. McSpadden of the difficulties that he was experiencing and of the status of the litigation.

"9. The dismissal of her lawsuit precludes Ms. McSpadden from recovering her out-of-pocket expenses which are in excess of $300, as well as any damages that she may have recovered for the injuries that she suffered and continues to suffer."

Based on the findings of fact, the disciplinary panel concluded:

"1. [Kansas Rules of Professional Conduct] KRPC 1.3 [1999 Kan. Ct. R. Annot. 294] requires lawyers to 'act with reasonable diligence and promptness in representing a client.' *Id.* In this case, the Respondent violated this rule by failing to comply with discovery requests and by failing to prosecute Ms. McSpadden's law suit.

"2. The Respondent violated KRPC 1.4 [1999 Kan. Ct. R. Annot. 303]. That rule requires attorneys to keep clients 'reasonably informed about the status of a matter . . .' *Id.* The Respondent violated this rule when he failed to return telephone calls and when he led Ms. McSpadden to believe that the action remained active after it had been dismissed by the Court for lack of prosecution.

"3. KRPC 1.16(a)(2) [1999 Kan. Ct. R. Annot. 352] provides that 'a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if: the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client.' *Id.* By his own admission, the Respondent's failures with regard to Ms. McSpadden's case were directly attributable to his impaired mental condition. The Respondent should have realized that he was unable to effectively represent Ms. McSpadden and should have withdrawn from that representation.

"4. By failing to comply with discovery requests and by failing to prosecute Ms. McSpadden's law suit, the Respondent violated KRPC 3.2 [1999 Kan. Ct. R. Annot. 362]. That rule requires attorneys to 'make reasonable efforts to expedite litigation consistent with the interests of the client.' *Id.*"

We adopt the panel's findings. The panel recommended imposition of discipline in placing the respondent on 2 years' probation, subject to certain terms and conditions. We agree with the panel's recommendations.

IT IS THEREFORE ORDERED that imposition of discipline against the respondent be suspended and that the respondent be placed on probation for the period of 2 years on the terms and conditions hereinafter set out.

1. J. Patrick Flanigan, an attorney in Overland Park, Kansas, will supervise the respondent's probation and supervise his practice for a period of 2 years from the date of this opinion.

2. Flanigan will be acting as an officer and an agent of the court as supervisor of probation in monitoring the legal practice of the respondent.

3. Flanigan shall be afforded all immunities granted by Supreme Court Rule 223 (1999 Kan. Ct. R. Annot. 269) during the course of his activities as directed by this order. On a quarterly basis, Flanigan shall report to the Disciplinary Administrator as to the respondent's progress or any problems he observes. Any material deviation from proper practice shall be immediately reported to the Disciplinary Administrator.

4. Respondent shall reimburse McSpadden any out-of-pocket expenses incurred in her lawsuit as a result of her automobile accident.

5. The respondent shall continue counseling and shall furnish reports of that treatment to the office of the Disciplinary Administrator at such times and intervals as established by the Disciplinary Administrator.

IT IS FURTHER ORDERED that the respondent shall not violate the KRPC.

IT IS FURTHER ORDERED that in the event the respondent fails to abide by the conditions set out herein, a show cause order shall issue to him, and this court shall take whatever disciplinary action it deems just and proper, including disbarment, without further formal proceedings.

IT IS FURTHER ORDERED that this order be published in the official Kansas Reports and that the costs of the proceeding be assessed to the respondent.