NOT DESIGNATED FOR PUBLICATION

No. 126,730

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

A.K., a Minor, by and Through Her Mother and Next Friend, N.K.,
*Appellant*,

v.

JOSEPH ANTHONY HEIT, M.D.,
*Appellee*.

MEMORANDUM OPINION

Appeal from Johnson District Court; CATHERINE DECENA TRIPLETT, judge. Oral argument held February 4, 2025. Opinion filed June 6, 2025. Reversed and remanded.

*John B. Gariglietti*, of Gariglietti Law Firm, LLC, of Kansas City, Missouri, and *David Ladwig*, of Law Office of David S. Ladwig, of Kansas City, Missouri, for appellant.

*BK Christopher* and *Matthew R. Klose*, of Horn Aylward & Bandy, LLC, of Kansas City, Missouri, for appellee.

Before ARNOLD-BURGER, P.J., BRUNS and PICKERING, JJ.

PICKERING, J.: In 2018, A.K., by and through her mother and next friend, N.K., filed a medical negligence and medical malpractice action against Joseph Anthony Heit, M.D. for injuries and disabilities A.K. allegedly sustained during her birth. N.K. originally filed pro se and later voluntarily dismissed without prejudice. She then refiled in April 2019. The case languished under discovery delays and COVID-19 for four years. The district court initially continued the first trial setting due to scheduling conflicts related to COVID-19. And, after N.K.'s counsel experienced a medical emergency on the eve of trial, the district court continued the second trial. A month before the third trial

1

setting, the district court granted counsel's motion to withdraw due to a medical condition materially impairing counsel's ability to represent N.K. The district court gave N.K. seven days to find new counsel and dismissed the case with prejudice after N.K. failed to obtain counsel within those seven days.

N.K. appeals, raising three arguments: (1) The district court abused its discretion in allowing counsel to withdraw; (2) the district court abused its discretion in denying a reasonable continuance for N.K. to secure new counsel; and (3) the district court abused its discretion in giving N.K. seven days to secure counsel and dismissing the case with prejudice.

After reviewing the record, we find the district court did not abuse its discretion when it allowed counsel to withdraw and did not abuse its discretion in denying N.K.'s request for a continuance to secure new counsel. We find, however, the district court abused its discretion when it dismissed the case with prejudice. Thus, we reverse and remand to the district court.

FACTUAL AND PROCEDURAL BACKGROUND

*First Lawsuit by N.K.*

In February 2018, N.K. filed a pro se petition on behalf of A.K. against Dr. Heit, claiming A.K. suffered a left upper extremity brachial plexus injury during childbirth due to Dr. Heit's negligence. Dr. Heit filed an answer, arguing that N.K. lacked standing and A.K. lacked capacity. In May 2018, Dr. Heit filed a motion for judgment on the pleadings, claiming N.K. could not proceed pro se on behalf of another person. In August 2018, N.K. filed an amended complaint containing the same allegations and stating she had hired counsel. Just under a month later, N.K. moved to voluntarily dismiss the case without prejudice, which the district court granted in October 2018.

2

*2019 Refiled Lawsuit*

In April 2019, through counsel, N.K. refiled her complaint, alleging medical negligence and malpractice resulting in A.K.'s injuries during delivery. In December 2019, Dr. Heit filed a motion to compel discovery, citing N.K.'s failure to respond to interrogatories. In January 2020, the district court issued a case management order setting the case for trial on August 23, 2021.

*Delays During Discovery*

Dr. Heit submitted his preliminary witness and exhibit list on the May 1, 2020 deadline. N.K. had not submitted her preliminary witness and exhibit list at that time. On May 5, 2020, the parties agreed to extend the deadline for preliminary witnesses and exhibits to July 1, 2020. The other deadlines remained unaffected. On July 10, 2020, Dr. Heit filed a motion for summary judgment, claiming N.K. had failed to submit her preliminary witness and exhibit list or to designate her experts.

Six days later, N.K. filed a motion for case management time extension and an extension of time to reply to defendant's motion for summary judgment. N.K. requested an additional 60 days for expert disclosures. N.K. conveyed that COVID-19 had affected her search for an expert, she "found that the costs of such an expert have become cost prohibitive," and she had not received timely responses from experts. Dr. Heit filed a response opposing an extension of time.

Following a hearing in August 2020, the district court granted an extension of time for N.K. to disclose her experts, giving her until September 20, 2020, to do so. The court continued the hearing on Dr. Heit's summary judgment motion, acknowledging that "this case has had a number of stutter steps even long before we had the COVID-19 issue."

On September 30, 2020, after N.K. submitted her expert disclosures, Dr. Heit filed an objection and motion to strike plaintiff's expert witness disclosures and to exclude opinion testimony. Dr. Heit claimed N.K.'s expert disclosures were insufficient. At a hearing on Dr. Heit's motion, N.K.'s counsel admitted she had no experience taking a medical malpractice case to trial. The district court then suggested consulting with more experienced counsel for guidance. The court also stated it would not be strict about deadlines and procedural issues in light of the pause on jury trials due to COVID-19.

In January 2021, Dr. Heit filed a motion to amend the scheduling order. Dr. Heit alleged he had to reschedule the depositions for both of N.K.'s experts after one expert refused to submit to a deposition without prepayment and N.K. failed to turn over the other expert's file in advance. Therefore, Dr. Heit requested an extension of time for him to designate his experts. N.K. opposed the motion. During the motion hearing, the district court found it would have to reschedule the August 2021 trial date due to a conflict with its schedule. The court informed the parties it would follow up with a new trial date. The district court granted Dr. Heit's motion, extending the time for Dr. Heit's expert disclosures and extending the discovery deadline to May 15, 2021.

In May 2021, Dr. Heit filed a second motion for summary judgment, asserting N.K.'s expert evidence failed to establish negligence by Dr. Heit. The district court denied the motion.

In January 2022, the district court issued an amended case management order scheduling trial for six days beginning April 17, 2023.

*Counsel's Motions to Withdraw*

On January 2, 2023, N.K.'s counsel moved to withdraw "due to counsel's anticipated exit from practicing law." In the motion, counsel explained that she notified

4

N.K. of her intent to withdraw on September 8, 2022, and had "regularly discussed the need to retain alternative counsel" with N.K.

The district court held a hearing on the withdrawal motion on February 8, 2023. During the hearing, the district court reiterated its belief that COVID-19 could not explain all of the delays in the case. The court also expressed concern over further delays and N.K.'s likelihood of finding counsel and denied the request to withdraw.

On March 22, 2023, N.K. filed a motion through counsel to continue the trial, explaining that she wanted to proceed with other counsel due to "an ongoing, and escalating, fundamental breakdown in communication" and needed more time to find counsel. She claimed she found "at least one law office who would be willing to proceed so long as current counsel would be willing to withdraw." The district court presumably denied this motion, though its ruling does not appear in the record.

On April 16, 2023—the day before trial—N.K.'s counsel filed an emergency motion to continue, citing "an unforeseen emergency that prevents [counsel] from being present and participating in the upcoming trial." Counsel also sent an email to the district court that day, explaining that she had been at the emergency room that morning and had discharge instructions not to work.

N.K.'s counsel did not appear at trial the next day. The district court stated it instructed counsel to provide a doctor's note explaining her absence and to appear on Zoom if unable to appear in person. N.K. confirmed that she had no alternate counsel at that point.

During the April 17 hearing, Dr. Heit moved to dismiss the case with prejudice. Dr. Heit argued there was "a long record of just, quite frankly, a flagrant disregard for deadlines and for respect for the Court about the process." The district court took the

motion under advisement but acknowledged that "dismissal with prejudice is an extraordinary remedy." The court continued the proceedings to April 20, 2023.

On April 19, 2023, N.K.'s counsel emailed her medical documentation to the district court, which indicated she was cleared to work again on April 18. Counsel appeared on Zoom at the April 20, 2023 hearing. During the hearing, counsel stated she was "not doing well" and requested a 90-day continuance. The district court inquired about counsel's ability to continue on the case: "I don't want to draw attention, but you do seem like maybe there is something else going on and I want to know whether or not you are comfortable continuing on this case based off of your demeanor here in court." Counsel responded that a continuance would give her time to receive treatment to be able to try the case. Counsel also stated she had emailed N.K., advising her to seek other counsel if the court granted a continuance if current counsel was unable to proceed with the case.

Dr. Heit renewed his motion to dismiss for failure to prosecute, alternatively requesting that the district court restrict any continuance to disallow further discovery. The district court then asked N.K.'s counsel if she would be able to try the case on July 10, 2023, with a prohibition on additional witnesses. Counsel responded, "I don't have any more information than I have shared. I think that July [10] would be—that may work and I just—I just don't know what I don't know, Your Honor, and but I—but I'll try." N.K. told the district court she was concerned with "rushing this case through the court." The court conveyed to N.K. that she seemed to be requesting reopening discovery, which the court was "not inclined to grant . . . given the procedural posture of the case." The court continued the trial to July 10, 2023, and warned it was "not likely to grant an additional continuance except for extenuating circumstances."

On June 5, 2023, N.K.'s counsel filed a second motion to withdraw. Counsel claimed she "has suffered ongoing, but previously self-managed physical ailments that have interfered with her daily life" and resulted in her emergency room visit on April 16. Counsel began medication for her diagnoses on May 19, 2023, but still experienced physical symptoms and side effects. Counsel continued: "Given the rigor, complexity, high-stress/strain, required travel, seriousness, required alertness, etc. related to the present matter, [counsel's] physical health symptoms . . . interfere[] with her ability to adequately represent her client in the above-caption[ed] matter, and likely would exasperate [*sic*] her present health." Dr. Heit opposed counsel's withdrawal and requested to maintain the July 10, 2023 trial date.

At the withdrawal hearing on June 12, 2023, Dr. Heit argued that N.K.'s counsel's diagnoses were common among attorneys and did not require counsel's withdrawal. N.K.'s counsel told the district court she was "very new" in her treatment, was unable to drive herself, would have to travel from Colorado to Kansas for trial, and experienced symptoms including "nodding off, falling asleep," and nausea. Counsel described that it took her "several days" to write her motion to withdraw. Counsel also indicated that N.K. was not communicating with her and counsel did not know if N.K. had found other counsel. Finally, counsel expressed her concerns with participating in trial:

> "I also think that this would be a cause for appeal . . . if I'm then asked to try and I'm not able to or I'm not able to focus or I mess up significantly, which I'm really fearful of which could further set this matter back. So while I respect and understand all parties' interest and needs, I also know where I am at."

Dr. Heit then informed the district court that N.K.'s counsel was set to appear before the Supreme Court for a disciplinary proceeding on June 15, 2023, raising questions about counsel's licensure for the July trial date. The district court granted

7

counsel's motion to withdraw, citing counsel's diagnoses and symptoms and the "significant attention and focus" required for a medical malpractice case.

N.K. then explained that she had not obtained other counsel and requested a 60-day continuance to find counsel. N.K. stated other counsel "would not be able to jump on a case that is going forward for a trial within a couple of weeks[.] . . . [I]f they are looking at a medical malpractice case they will come in and [assess] the case and get the experts and they will look at all the records." The district court denied N.K.'s request.

N.K. claimed she had "some counsel" from whom she was waiting on replies and hoped to have counsel in "maybe a few days or a few weeks." She requested a continuance to seek counsel even if shorter than 60 days.

Dr. Heit told the district court he was already past the deadline to secure his experts for the July trial date. Dr. Heit requested dismissal with prejudice if N.K. was unable to find counsel. The district court gave N.K. one week—until June 19, 2023, at 5 p.m.—to have other counsel enter an appearance. Otherwise, the court would dismiss the case with prejudice.

*Dismissal with Prejudice*

N.K.'s deadline to secure new counsel passed with no new entry of appearance, at which point the district court dismissed the case with prejudice. On June 22, 2023, N.K. filed a pro se motion for extension of time to hire counsel, asking for a 90-day extension. N.K. wrote that counsel she had spoken to would have to "review medical records and get experts['] opinions," as well as "read the literature on this case" and conduct further discovery. The record does not contain a ruling by the district court on this motion.

N.K. filed a motion for reconsideration and to alter or amend judgment through new counsel. N.K. argued there were insufficient findings to grant counsel's withdrawal, the denial of a continuance to seek new counsel was unreasonable, and the dismissal with prejudice was erroneous because exceptional circumstances existed to continue the July trial date. The district court denied the motion. The court found there were sufficient findings of a material impairment requiring counsel's withdrawal and N.K. was notified multiple times of the need to consult other counsel. N.K. now appeals.

ANALYSIS

*The District Court Did Not Abuse Its Discretion in Allowing Counsel to Withdraw*

*Standard of Review*

Kansas courts generally review a district court's decision on whether to allow counsel to withdraw for an abuse of discretion. *State v. Carter*, 284 Kan. 312, 321, 160 P.3d 457 (2007). "A district court abuses its discretion if its decision is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact." *League of Women Voters of Kansas v. Schwab*, 318 Kan. 777, 788, 549 P.3d 363 (2024).

Interpretation of a Supreme Court rule is a question of law subject to unlimited review. *Dawson v. BNSF Railway Co.*, 309 Kan. 446, 451, 437 P.3d 929 (2019).

*Discussion*

Rule 1.16(a)(2) of the Kansas Rules of Professional Conduct (KRPC) (2025 Kan. S. Ct. R. at 370), requires a lawyer to withdraw from representation if "the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client."

N.K. claims the district court abused its discretion in allowing counsel to withdraw without requiring medical documentation to corroborate counsel's statements at the June 2023 withdrawal hearing. N.K. contends that without additional medical documentation, it is impossible to discern whether counsel's medical condition materially impaired her ability to represent N.K.

In her June 5, 2023 motion to withdraw, N.K.'s counsel stated she had begun medication for her diagnoses on May 19 and was still experiencing physical symptoms and medication side effects. Counsel claimed her condition "interfere[d] with her ability to adequately represent her client in the above-captioned matter, and likely would exasperate [*sic*] her present health." At the withdrawal hearing, counsel admitted that she was unable to manage her health concerns on her own. She claimed she still struggled to stay awake, experienced nausea, and was "unable to maintain complete focus." Counsel said that it took her "several days" to write her motion to withdraw.

After thoroughly reviewing the record, we find that counsel's acknowledgment that she experienced physical symptoms and side effects impacting her daily life and her ability to represent N.K., coupled with counsel's documentation of her hospitalization, were sufficient to show material impairment under KRPC 1.16(a)(2). See *In re Francis*, 269 Kan. 178, 179, 4 P.3d 579 (2000) ("By his own admission, the Respondent's failures . . . were directly attributable to his impaired mental condition. The Respondent should have realized that he was unable to effectively represent [his client] and should have withdrawn from that representation."). Thus, the district court did not abuse its discretion when it granted counsel's motion to withdraw.

*The District Court Did Not Abuse Its Discretion in Denying N.K. a Continuance to Obtain Substitute Counsel*

*Standard of Review*

Appellate courts review a district court's denial of a continuance for abuse of discretion. *Miller v. Glacier Development Co.,* 284 Kan. 476, 494, 161 P.3d 730 (2007).

*Discussion*

"For good cause, the court may continue an action at any stage of the proceedings on just terms." K.S.A. 2024 Supp. 60-240(b). "The granting or denial of a continuance is discretionary in all cases." K.S.A. 2024 Supp. 60-240(c)(3). When ruling on a motion for a continuance, the district court must take all circumstances into account, including the movant's good faith, the movant's showing of due diligence, and the lawsuit's timetable. *In re J.A.H.*, 285 Kan. 375, 385, 172 P.3d 1 (2007).

N.K. argues that there was a "possibility" that a "reasonable continuance" could have enabled another lawyer to take N.K.'s case with adequate preparation time. But N.K. contends the district court's denial of her continuance request foreclosed that possibility. N.K. asserts counsel's withdrawal due to her medical condition was an extenuating circumstance that should have allowed for another continuance. N.K. submits that the district court's grant of only seven days to secure substitute counsel left N.K. with "no realistic possibility of retaining new counsel."

The Kansas Supreme Court addressed this issue in *Houser v. Frank*, 186 Kan. 455, 350 P.2d 801 (1960), which involved a permissive, rather than mandatory, motion to withdraw. There, Frank's counsel moved to withdraw, to which Frank agreed. On the day the district court granted counsel's request to withdraw, the court also set the case for trial

26 days later. Frank obtained new counsel the day before trial and requested a continuance on the morning of trial. The district court denied Frank's continuance request. Our Supreme Court affirmed the continuance denial, finding no abuse of discretion. 186 Kan. at 460; see also *State v. Kirkpatrick*, 286 Kan. 329, 347, 184 P.3d 247 (2008) (affirming continuance denial where prior continuance had already been granted and movant did not identify new counsel being sought).

Here, N.K. indicated that she could not find counsel who would take this case to trial without being able to consult their own experts and perform their own discovery. The district court was unwilling to reopen discovery. Appellate courts have not found an abuse of discretion in a district court's misgivings about reopening discovery when discovery has been closed and a continuance is likely to cause substantial further delays. See *Ruark v. Union Pacific Railroad Company*, 916 F.3d 619, 630 (7th Cir. 2019) ("Loss of counsel is not a per se reason that a district court might reopen discovery. Like other factors it is one of many that a court might consider in exercising its broad discretion to grant or deny a continuance."); *Greenway v. Heathcott*, 294 P.3d 1056, 1070 (Alaska 2013) (affirming denial of continuance requiring year-long delay to allow new counsel to reopen discovery).

Counsel first gave N.K. notice of her intention to withdraw and suggested N.K. seek other counsel in September 2022. When counsel moved to withdraw in January 2023, counsel stated she had "regularly discussed the need to retain alternative counsel" with N.K. On the April 2023 trial date, at which counsel failed to appear after her hospitalization, N.K. told the district court she had not found counsel willing to try a case previously worked on by other counsel. When the district court continued the April 2023 trial date, it stated a continuance would include a prohibition on adding additional witnesses, explaining it was "not inclined" to grant any continuances for additional discovery. The court also warned it was "not likely to grant an additional continuance except for extenuating circumstances." Counsel again suggested to N.K. that she should

seek substitute counsel in case counsel was unable to proceed to trial. When the district court granted counsel's motion to withdraw in June 2023, N.K. indicated she was still unable to find counsel willing to step in to try the case in July 2023.

Based on our review, the district court's denial of additional continuances for N.K. to retain new counsel was not unreasonable. See *Kirkpatrick*, 286 Kan. at 347. Therefore, the district court did not abuse its discretion.

*The District Court Abused Its Discretion in Dismissing the Case with Prejudice*

*Standard of Review*

"'Orders of dismissal for want of prosecution rest in the judicial discretion of the district courts in order that they may control their dockets, eliminate procrastination and delay, and expedite the orderly flow of business . . . . Such orders will not be reversed on appeal in the absence of a clear showing of abuse of judicial discretion.'" *Coutts v. Crider*, 219 Kan. 692, 695, 549 P.2d 1019 (1976).

*Discussion*

K.S.A. 2024 Supp. 60-241(b)(1) governs involuntary dismissal:

"If the plaintiff fails to prosecute or to comply with this chapter or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this paragraph and any dismissal not under this section, except one for lack of jurisdiction, improper venue or failure to join a party under K.S.A. 60-219, and amendments thereto, operates as an adjudication on the merits."

"[T]he law favors trial of causes on the merits and looks with disfavor on default judgments. However, a default judgment (or dismissal) may become necessary when

13

inaction of a party frustrates the orderly administration of justice. [Citation omitted.]" *Wenger v. Wenger*, 239 Kan. 56, 61-62, 716 P.2d 550 (1986). "[T]he primary responsibility for the prosecution of a case lies ultimately upon the plaintiff." *Coutts*, 219 Kan. at 700. "A dismissal with prejudice" is "an adjudication on the merits of the case" and "bars the right to bring or maintain an action on the same claim or cause of action." *Pulley v. Chicago, R.I. & P. Ry. Co.*, 122 Kan. 269, 270, 251 P. 1100 (1927).

Other panels of this court have adopted the three-part test articulated in *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002), to determine the propriety of a district court's dismissal of a case for failure to prosecute. See, e.g., *Fischer v. Roberge*, 34 Kan. App. 2d 312, 315, 120 P.3d 796 (2005). That test requires the court to consider: "'(1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant.'" 34 Kan. App. 2d at 315.

We are cognizant of the lengthy delays associated with this case. While some of the delays are attributable to COVID-19, many of the delays are also attributable to N.K. But the continuance of the April 17, 2023 trial was the result of N.K.'s counsel's medical issues, resulting in hospitalization. And N.K.'s counsel withdrew under KRPC 1.16(a)(2)—a mandatory withdrawal because "the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client"—not for a discretionary reason. (2025 Kan. S. Ct. R. at 370.) N.K. objected to her attorney's withdrawal. Further, the court had already ruled that N.K. could not proceed pro se because she was prosecuting the case as next friend for her daughter, A.K.

Moreover, the district court did not provide any analysis of the factors from *Fisher* or *Reed*. Nor did it balance the harm to each party. In fact, the court did not express any consideration other than the length of the delay. Quoting *Fisher*, 34 Kan. App. 2d at 315, the court ruled: "'When a case has not been prosecuted in a diligent manner, prejudice is generally presumed[,]'" with no further discussion. But the court must balance its

14

authority over case management with the larger concerns of justice, including the strong presumption in favor of deciding cases on the merits. This means that the court should consider whether dismissing the case with prejudice serves the interests of justice and whether there are alternative solutions that would allow the case to be decided on its merits. Here, there was no discussion of any alternative solutions, such as assessing costs of the delay against N.K.—the only harm Dr. Heit alleged.

A key factor for a court to consider in dismissing a case with prejudice is what harm will come to the defendant if it is not dismissed with prejudice. The record is woefully lacking in that regard. In fact, prejudice to Dr. Heit is not mentioned at all in the court's initial order granting the motion to dismiss with prejudice or its lengthy order denying reconsideration except a general statement of time, expense and "undue hardship" in the court's journal entry of hearing. The only prejudice Dr. Heit alleged in the hearing on his motion to dismiss was time and money for him to reschedule patients for court dates and costs to his professional liability insurance carrier. Even so, he must not have been too concerned about costs because he expressly noted that he was not seeking sanctions to cover those costs. Yet on the other side of the balance sheet, we note that Dr. Heit's motions to strike, motion for judgment on the pleadings, and summary judgment motions throughout the course of the case were all denied. This would indicate that there was no legal reason why the case should not go to trial.

Under these circumstances, we believe no reasonable person would conclude that dismissal *with prejudice* was the appropriate sanction. Not only does it punish N.K. for her counsel's withdrawal, but it also does so with no showing of actual harm to the defendant if the case is dismissed without prejudice. See *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 590 (6th Cir. 2001) (expressing "an extreme reluctance to uphold the dismissal of a case merely to discipline a party's attorney" because the sanction "'deprives a plaintiff of his day in court'"). Thus, we conclude the district court abused its discretion when it dismissed the case with prejudice.

15

Accordingly, we remand the case to the district court to rule consistent with this opinion.

Reversed and remanded with directions.